## Wickersham *versus* Russell.

1. The Supreme Court will not reverse for any construction given by the Court of Common Pleas to its own rules which is not palpably erroneous.

2. A collector cannot sustain a common-law action for the collection of taxes until two years after the date of his warrant; hence the claim would not be barred by the Statute of Limitations until six years after the end of the two years.

3. The statutes allowing a tax collector to bring suit for the collection of unpaid taxes only on the expiration of his warrant, suspend the remedy and do not take away the right of action.

ERROR to the Court of Common Pleas of *Allegheny county.*

Russell, plaintiff below and defendant in error, was a collector of taxes in Pittsburgh, for the years 1855, 1856, 1857, and 1858. In 1864 he sued Wickersham, the defendant below and plaintiff in error, for a balance of taxes due by him for those years.

Russell, in his affidavit of claim, filed under a rule of court, set out specifically the whole amount of taxes assessed against Wickersham for the above years and admitted the payment of $441.31, which wholly discharged the taxes of 1855, leaving unpaid on the taxes of 1856 $298.12 and the whole of the taxes of 1857 and 1858. He claimed, therefore, $298.12, with interest from July 1st 1858; $9.92, the taxes for 1857, with interest from July 1st 1859; and $8.52 taxes for 1858, with interest from July 1st 1860. He also stated that he had never been exonerated from the payment of these taxes, but as collector had become liable to pay them and had paid them.

In his affidavit of defence the defendant set up the Statute of Limitations, as a bar to all except the taxes of 1857 and 1858 and tendered judgment for their amount with interest as claimed. He also stated that he "*believes*" that the plaintiff did not pay the taxes as he alleged, "but that defendant himself paid a part at least of said taxes, but has mislaid or lost his receipt therefor."

The warrant for the collection of the taxes of 1856 issued November 15th 1856: this suit was commenced October 1st 1864.

On the trial the plaintiff offered in evidence his affidavit of claim, which was objected to, but admitted, and a bill of exceptions sealed.

The rule of court referred to is as follows:—

"If the plaintiff shall file, with his *præcipe*, a specification of the items of his claim, and statement of facts necessary to support it, verified by affidavit, such items of claim and material averments of fact as are not directly traversed or denied by the affidavit of defence, shall be taken as admitted."

Plaintiff's attorney asked the court to instruct the jury that the Statute of Limitations did not begin to run till the expiration

[Wickersham *v*. Russell.]

of two years from the date of warrant to plaintiff, the collector,. to wit: November 15th 1856.

Defendant's attorney asked the court to instruct the jury that all the items of the plaintiff's claim, except the amount admitted in defendant's affidavit, are cut out by the Statute of Limitations and plaintiff cannot recover for any item dated beyond six years before bringing suit, to wit: item $298.12, with interest from July 1st 1858.

The court (Stowe, A. J.) charged as follows :—

"The Statute of Limitations does not begin to run till the expiration of two years of the date of the warrant to collect taxes, as the collector has no right to sue till that time ; and he has in this, as in ordinary actions, six years in which to enforce his claim by action, from the time the right to sue accrues."

The defendant excepted to the charge of the court, and in this court assigned for error :—

1. The admission in evidence of the plaintiff's claim.

2. The "negativing defendant's point and affirming plaintiff's point."

*T. McConnell*, for plaintiff in error.—Payment of taxes cannot be enforced by suit at law, except when the collector has paid them or become responsible for them: Bouck *v*. Supervisors of Kittanning, 1 Am. Law Reg. 125. It was therefore material for plaintiff to show this: the defendant having denied it in his affidavit, it lay upon plaintiff to establish by testimony outside his own oath.

As to the Statute of Limitations, the right of action accrued as soon as the warrant came to the collector's hands ; his remedy was on the warrant. The running of the statute depends upon the money being due, and there being a remedy for its collection. If a claimant is not able to move in the collection of his debt, the law will not hold him in default ; but from the time he can use his remedy, the statute runs.

*W. W. Thomson*, for defendant in error.—The only defence set up by the defendant in his affidavit is the Statute of Limitations. The remainder of the affidavit is to his "*belief*." This amounts to nothing, unless he avers that he expects to be able to prove his allegations: Brown *v*. Street, 6 W. & S. 221-2 ; Moore *v*. Somerset, Id. 262 ; Sterling *v*. Ins. Co., 8 Casey 78. He *knew* whether he had paid or not and how much ; he could have ascertained also whether the plaintiff had paid, he should have sworn positively : Lord *v*. Ocean Bank, 8 Harris 387 ; Moore *v*. Somerset, 6 W. & S. 263. It is not denied in the affidavit that the plaintiff had become responsible ; that is sufficient to enable him to sue under the Act of April 15th 1834, § 49 : nor does it aver that he

[Wickersham *v.* Russell.]

has paid more than the plaintiff admits. This court will not reverse, unless the construction of the court below of its own rules is obviously wrong: Darley *v.* Green, 3 Harris 128.

The Act of April 15th 1834, § 50, prohibited a collector entirely from suing. Act of April 11th 1848, § 3, allowed him to sue at the expiration of his warrant.

The statute applies to the remedy, not to the debt: Leasure *v.* Mahoning Township, 8 Watts 557; Hill *v* Meyers, 10 Wright 16; Kutz's Appeal, 4 Id. 94; Genet *v.* Lynn, 7 Casey 100; Tower *v.* Hagner, 3 Whart. 54–60; Hutchinson *v.* Bank of Wheeling, 5 Wright 44.

The opinion of the court was delivered, November 2d 1865, by

STRONG, J.—Considering the Court of Common Pleas as the best judge of the meaning of its rules of practice, we have often said that we will not reverse for any construction given to them which is not palpably erroneous. In this case the defendant admitted every material averment of fact, made in the plaintiff's affidavit, which he did not directly traverse by his own. The plaintiff's affidavit set out that taxes had been assessed against the defendant for four successive years, amounting in all to the sum of $769.89, from which he had never been exonerated. The affidavit also averred that the plaintiff had been appointed tax-collector for those several years, and that he had become liable for the taxes assessed against the defendant, and had paid them, and that the defendant had not paid any part of them, except the sum of $441.31. The affidavit of the defendant denied no one of these averments directly. The utmost that can be made of it, is that it negatived the assertion that the plaintiff had paid the taxes, which was immaterial, and even that was not done directly. The defendant simply asserted his belief of a fact, when knowledge was in his power. This would not have been sufficient to prevent judgment for want of a sufficient affidavit of defence, as has been repeatedly decided. The allegation of the defendant's belief that he had himself paid a part, at least, of the taxes, without specifying what part, is entirely consistent with the averments made by the plaintiff. There was no assertion that he had paid more than $441.31, the amount which the plaintiff conceded he had paid. Under the rule of the court, the affidavit of claim was therefore properly received in evidence to show that all its material averments were admitted, except those directly denied by the defendant's oath, and none of them were thus denied.

The instruction given by the court to the jury respecting the Statute of Limitations was also correct. Until the expiration of two years from the date of his warrant, the plaintiff was prohibited, by the Act of Assembly, from attempting to recover the

taxes by suit. While the warrant was in force, he could use it, and it alone, to enforce collection. His right to employ an action upon the case did not accrue until November 15th 1858. Now it is upon his right, not to recover the taxes due from the defendant, but to use the common-law remedy that the statute operated. The remedy, not the debt, is regulated by it. It declares that actions upon the case, other than for slander, shall be commenced within six years next after the cause of such actions or suits, and not after. Until, therefore, the cause of the particular action, which the defendant sets up the statute to bar, has arisen, until the right is complete to institute that action, the statute does not begin to run. And it is only from the time when it begins to run, that the six years, during which the action is not barred, are to be computed.

The judgment is affirmed.