JANUARY TERM, 1883, No. 158.                    APRIL 30, 1883.

## Appeal of Henry C. Brolasky.

1. A testator devised a house and lot to his daughter "subject to a mortgage of $5,000, but in the event of my daughter releasing and handing over a certain note or due bill of $5,000 given by me to her, unto my executors, then ⊥ direct that the said mortgage of $5,000 be paid by them out of my estate." Upon the death of the testator, the devisee notified the executor of her readiness to surrender the due bill whenever he was prepared to pay the mortgage, the executor having neglected to pay either the principal or interest of the mortgage debt. *Held*, That the devisee, having been compelled, in order to prevent a foreclosure, to pay the interest on the mortgage, was entitled to claim upon her due bill against the estate a sum sufficient to satisfy the mortgage and to re-imburse her for the interest down to the date of the audit.

2. A devisee of real estate subject to a mortgage is entitled to be re-imbursed out of the estate of the testator for interest on the mortgage due, and taxes accrued, during the lifetime of the testator, which had been paid by the devisee.

3. A devisee of real estate for life, " she, in the meantime, paying all taxes and keeping the same in repair," is entitled to be re-imbursed out of the estate of the testator for taxes paid by her which had accrued before his death.

4. Where a bequest for life, subject to annuities, has been accepted by the legatee, the burden of proof is upon him, and upon his executor, to show that the income is not sufficient to pay the amount of the annuities.

Before MERCUR, C. J., and GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Appeal of Henry C. Brolasky, one of the residuary legatees and devisees under the will of Simon Brolasky,

deceased, from the decree of the Orphans' Court of *Philadelphia County*, dismissing exceptions to the adjudication *sur* the first account of the executor, and confirming said adjudication.

Simon Brolasky died January 13, 1881. Letters testamentary upon his estate were granted, January 20, 1881, to Henry C. Brolasky, who was one of the residuary legatees and devisees.

In his will he devised and bequeathed, *inter alia*, as follows :

"Item 6th. I do give, devise, and bequeath the following properties hereinafter named as specified to each, their respective heirs and assigns forever.

Messuage and lot No. 938 Race street, in the ———— ward of the city of Philadelphia, to my daughter Mary Ann, subject to $3,100 mortgage.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*

Messuage and lot No. 712 North Fifteenth street, in Fifteenth ward of the city of Philadelphia, to daughter Linda Crawford, subject to a mortgage of $5,000, but in the event of my daughter releasing and handing over a certain note or due bill of $5,000, given by me to her, unto my executors, then I direct that the said mortgage of $5,000 be paid by them out of my estate.

I do give to my said daughter Mary Ann, for and during all the term of her natural life, the use, occupancy, and possession of the house that is in process of building on the east side of South Broad street, No. 227, she in the meantime paying all taxes and keeping the same in repair, and from and after her decease, the said premises to form a portion of my residuary estate and be divided as directed by my will."

On the 30th of May, 1881, counsel for Linda Crawford wrote to counsel for the executor, notifying him that the interest on the mortgage of $5,000 on the property devised to her would be due on the 15th proximo, and saying : "Mrs. Crawford elects that the mortgage shall be paid off, but she does not desire to restrict the executor as to time. At the convenience of the estate it may be done."

Her counsel wrote later : "The due bill is at hand, and will be handed over, with release, when the executor is ready. We shall, however, hold the estate for interest, and eventually the accounts will balance themselves."

Upon the audit of the account of the executor before ASHMAN, J., counsel for Mrs. Crawford presented the due bill of the testator, dated May 30, 1872, for $5,000,

payable ten days after date, under the above item of the
will.    He tendered the due bill to the estate, and asked
for interest upon it from the time of the death of the tes-
tator.

Counsel for Mary Ann Brolasky presented a claim for
interest paid by her on the mortgage upon the property
938 Race street, which was due January 31, 1881, and was
paid by her March 8, 1881, amounting to $77 50.    He
also presented claims for taxes paid by her upon the
same property, for 1880, $132 70, and for 1881, $96 98,
and for taxes paid by her upon the property No. 227
South Broad street for the year 1881, $315 12.

. The auditing judge found, *inter alia*, as follows :

"On behalf of Linda Crawford, Mr. Johnson contended
that the interest paid by her, since testator's death, upon
the mortgage for $5,000, secured upon the premises de-
vised to her, should be refunded by the estate.    The ex-
ecutors were directed by the will to satisfy this mortgage
upon the surrender, by the legatee, of the testator's due
bill for the same amount held by her.    It would seem
that this demand was equitable.    The claimant was en-
titled to interest on the due bill from date of demand.
This must be held to have been made at the time of the
death, because the will provided for the immediate pay-
ment of the bill by the cancellation of the mortgage, and
thus obviated the necessity for a formal presentment for
payment.    Any interest which the legatee was compelled
to make on the mortgage should, therefore, be compen-
sated by a corresponding payment to her of interest upon
the due bill.    The claim is allowed."

"On behalf of Marie Brolasky, counsel presented a
claim for $77 50, paid by her as interest upon the mort-
gage, secured on premises 938 Race street, which were
devised to her.    The interest became due almost imme-
diately after the death of the testator, and should be
borne by his estate.    The taxes on the same property for
1880, amounting to $132 70, and for 1881 to $96 98, and
upon the house and lot, 227 South Broad street, for the
latter year $315 12, all of which were paid by the life-
tenant, and fell due in the lifetime of the decedent, should
also be charged to the estate, and payment of those
amounts is awarded to the claimant.

On behalf of Linda Crawford, Mr. Johnson claimed
$100, and for Maria Brolasky $600, arrears of annuities
due under the will of Mary A. Howell, deceased.    The
said testatrix, who died on or about November, 1873, de-
vised and bequeathed her residuary estate to her brother-

in-law, Simon Brolasky, for life, subject to and charged with the payment of all debts and funeral expenses, and subject also to the payment of three annuities of $100 each during his life to Mary Ann Brolasky, Linda Brolasky, (afterwards Crawford,) and William Brolasky, the said life-tenant to pay all taxes and expenses for keeping the said residuary estate in repair. After the death of Simon Brolasky, she gave the income of the said residue to her two nieces, Mary Ann Brolasky and Linda Brolasky, for their joint lives and the life of the survivor, and she constituted Simon Brolasky and Henry C. Brolasky the executors. Neither of the executors of Miss Howell's will filed any account until after the death of Simon Brolasky, when Henry C., under the spur of a citation, complied with the order of Court in that respect. The account so filed, after corrections by the auditing judge, showed a balance of principal (legacies having first been deducted) of $12,058 25.

It did not pretend to ascertain the income which had accrued to Simon Brolasky in his lifetime, out of which the three annuities were to be paid. Henry C. Brolasky stated that his father derived no income from Mrs. Howell's estate, and he attempted to show that fact by producing a book purporting to contain an account of receipts and disbursements in that estate, which had been kept by himself, but which, he admitted, did not exhibit all the transactions connected with the settlement. He supplemented this book with a statement given to him by his father in the lifetime of the latter, which professed to show the payments made by the father as executor and life-tenant. It is unnecessary to discuss the competency or incompetency of the witness, because the book and paper upon which his testimony was founded were, except as far as their entries were against the interest of decedent, inadmissable as evidence. The auditing judge is of opinion that Simon Brolasky, by accepting the gift of income under Mrs. Howell's will, was not burdened with the annuities unless a clear balance remained which could be applied to their payments in whole or in part; but he is also of opinion that, having accepted the legacy, the burden of proof rested upon the legatee, and after his death upon his co-executors, that the income was inadequate. He had, during seven years, the beneficial management of a fund charged with legacies. It was, therefore, his duty to show that the fund was absorbed by other and necessary expenditures. No such proof was given, and the claim of Marie Brolasky is therefore

[Appeal of Henry C. Brolasky.]

allowed for arrears of annuity from 1873 to 1880, in the total sum of $600. The award of $100 demanded by Linda Crawford is also granted. A check, dated in December, 1880, for that amount . from Simon Brolasky was shown to have been paid to claimant, but the letter in which it was inclosed expressly stated that it was a gift, and that it was 'not from Aunty's (Mrs. Howell's) money.' The fact that payment of the annuities appeared to have been regularly made by Mr. Brolasky to Linda Crawford and William Brolasky, two of the annuitants, must be taken as positive contradiction of the theory that Mr. B. derived no income from the Howell estate."

Henry C. Brolasky, as executor and a residuary legatee and devisee, filed exceptions to the adjudication which the Court below, October 28, 1882, dismissed.

He thereupon, as residuary legatee and devisee, appealed, assigning that the Court erred as follows .

*First.* The Court below erred in awarding $5,000 and interest thereon, amounting to $385 27, to Linda Crawford, for the amount of the decedent's due bill, which was outlawed, as the will directed the executor to satisfy the mortgage of $5,000, upon the premises devised to said Linda Crawford, upon her surrender of the due bill, and not to pay the amount of the due bill to her.

*Second.* The Court below erred in awarding to Mary Ann Brolasky her claim of $77 50, being interest on the mortgage on the premises No. 938 Race street, devised to her by testator, said interest having fallen due after the death of the testator, and under the will she took the property subject to the incumbrances.

*Third.* The Court below erred in awarding to Mary Ann Brolasky her claim for taxes for 1880 upon No. 938 Race street, amounting to $132 70, as under the devise she took the property subject to the incumbrances.

*Fourth.* The Court below erred in awarding to Mary Ann Brolasky her claim for taxes for 1881 upon No. 938 Race street, amounting to $96 98, as under the devise she took the property subject to the incumbrances.

*Fifth.* The Court below erred in awarding to Mary Ann Brolasky her claim for taxes for 1881 upon No. 226 South Broad street, amounting to $315 12, as said premises were devised to her for life, "she paying all taxes and keeping the same in repair."

*Seventh.* The Court below erred in awarding to Mary Ann Brolasky her claim of $600 for arrears of annuity under the will of Mary Ann Howell, deceased, as by said

will the annuity was payable out of the income, and no proof was adduced by her to show that Simon Brolasky was ever in receipt of any income from said estate, but, on the contrary, the testimony of the executor of the will of Mary Ann Howell clearly showed that Simon Brolasky had not enough assets to pay the debts and actually made advances.

*Eighth.* The Court below erred in awarding to Linda Crawford her claim of $100 for arrears of annuity under the will of Mary Ann Howell, deceased, as by said will the annuity was payable out of the income, and no proof was adduced by her to show that Simon Brolasky was ever in receipt of any income from said estate, but on the contrary the testimony of the executor of the will of Mary Ann Howell clearly showed that Simon Brolasky had not enough assets to pay the debts and actually made advances.

*Ninth.* The Court below erred in finding that it appeared that the annuities had been regularly paid by Simon Brolasky to William Brolasky and Linda Crawford, two of the annuitants, when no evidence was offered to that effect.

*Tenth.* The Court below erred in confirming the adjudication of the auditing judge, and in dismissing the exceptions thereto filed by Henry C. Brolasky.

*Francis E. Brewster & F. Carroll Brewster* for appellant.

Mrs. Crawford was bound to release and hand over the note to the executor, and demand a satisfaction of the mortgage on the devised property.

The interest on the Race street mortgage became due after testator's death, and his estate was not liable for it; neither was the estate liable for taxes paid after testator's death.

The annuitants were bound to prove the receipt of sufficient income; the burden is not on the estate to show that the income was inadequate.

*William F. Johnson* for appellees.

It was the executor's duty to satisfy the $5,000 mortgage, and not having done so, the estate was responsible for the interest.

Interest upon a mortgage is apportionable : 1 Swanston, 349, note ; Wilson *v.* Harman, 2 Ves. Sr , 673 ; Banner *v.* Lowe, 13 Vesey, 135 ; Sweigart *v.* Frey, 8 S. & R., 299 ;

[Appeal of Henry C. Brolasky.]

Blight *v.* Blight, 51 Penna., 420 ; McKeen's Appeal, 424 Penna., 485.

The taxes were assessed and payable prior to testator's death, and therefore payable out of his estate : Parker's Appeal, 8 W. & S., 449 ; Densmore *v.* Haggerty, 59 Penna., 189.

The accounts of the annuities not being properly kept, all the presumptions are against the decedent : Gordon *v.* Bowden, 6 Maddox, 342 ; May *v.* Bennett, 1 Russell, Ch. C., 370 ; Davies *v.* Wattier, 1 Sim. & Stuart, 463 ; Boyd *v.* Buckle, 10 Simons, 595.

APRIL 30, 1883.—The opinion of the Court was delivered by STERRETT, J.:

The house and lot on North Fifteenth street was devised by testator to his daughter, Mrs. Crawford, "subject to a mortgage of $5,000," which he directed to be paid by his executors out of his estate, upon her delivering to them a note or due bill for same amount, which he had given her several months before. She notified appellant, who was the acting executor, of her readiness to surrender the due bill whenever he was prepared to pay the mortgage, as contemplated by the testator ; but, for reasons best known to himself, he neglected to pay either the principal or interest of the mortgage debt. In the meantime, it became necessary to provide for the interest ; and to prevent a foreclosure of the mortgage and sale of the property, Mrs. Crawford was compelled to pay it. The amount thus paid by her, including interest to date of audit, was $385 27. Appellant having filed his account as acting executor without paying or making provision for the payment of the mortgage, Mrs. Crawford appeared before the auditing judge and claimed out of the fund for distribution a sum sufficient to satisfy the mortgage and re-imburse her for the interest she was compelled to pay. The allowance of these items forms the subject of complaint in the first specification of error.

If appellant had been disposed to carry out the provisions of his father's will, there was nothing to prevent him from paying the mortgage and lifting the due bill which his sister had notified him she was ready and willing at any time to deliver. After having thus neglected to do what he should have done, it comes with bad grace from him to object to the action of the Court in setting aside a sufficient fund to satisfy the mortgage. The only effect of the decree will be to accomplish just what the testator intended : the satisfaction of the incumbrance on

[Appeal of Henry C. Brolasky.]

the property devised to his daughter and the practical cancellation of his own due bill; inasmuch as no harm can possibly result from that, to appellant or any one else, his complaint is groundless.

The second, third, fourth, and fifth specifications relate to claims of Mary Ann Brolasky for interest on mortgage and for taxes on the Race and South Broad street properties paid by her. With the exception of a slight error in calculation of the interest item, covered by the second specification, these claims were correct, and there was no error committed in allowing them.

The seventh, eighth, and ninth specifications, relating to claims of Mary A. Brolasky and Linda Crawford for arrears of annuity under the will of their aunt, Miss Howell, are not sustained. The fact was found by the auditing judge that balances were due each of them respectively on that account, and hence their claims were not improperly allowed.

We find nothing in the record that calls for either a reversal or modification of the decree.

Decree affirmed and appeal dismissed at the costs of the appellant.