## Gill, Appellant, v. People's Natural Gas Company.

*Contract—Pleadings—Rules of court—Evidence—Natural gas company.*

A natural gas company in consideration of the right to lay its pipe over and through lands agreed with the owner " to furnish off said pipe line while on said premises, free of cost," the gas necessary to heat his dwelling, etc., the pipe and necessary fittings and labor to transport and connect up said dwelling to the gas, to be paid for by the owner of the land. The owner connected his dwelling with the pipe, and received gas therefrom until, owing to the falling off of the natural pressure, the gas company was compelled to use pumps. After this time the owner ceased to receive gas. He then brought suit against the company for breach of contract. A rule of court provided that in actions on contracts every material averment of fact in the pleadings, verified by affidavit shall be deemed competent evidence of the facts so alleged, and no evidence shall be ad-

mitted to controvert it, unless the adverse party shall directly deny it by proper plea verified by affidavits. The plaintiff alleged in his statement of claim that he had fitted up his dwelling with all the pipe necessary to connect the premises with said line, and had fitted up the premises with all the appliances necessary for using said gas. In the affidavit of defense the defendant averred that the plaintiff had "provided himself with such pipe and appliances as he deemed proper and necessary to carry and supply the gas from the main of the defendant to his premises" and that affiant had no "information as to the nature and character of the devices provided by the plaintiff for the purpose of drawing the gas from the said line to his premises." *Held* that the plaintiff should have been permitted to introduce on the trial the averments of his statement of claim as evidence of the fact therein alleged.

Argued April 16, 1901. Appeal, No. 72, April T., 1900, by plaintiff, from judgment of C. P. Westmoreland Co., May T., 1897, No. 532, on verdict for defendant in case of W. T. Gill v. The People's Natural Gas Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit on breach of contract. Before McCONNELL, J.

The facts are fully stated in the opinion of the Superior Court.

At the trial plaintiff offered to prove by the pleadings "that on November 9, 1891, the plaintiff fitted up his dwelling and other premises specified in the agreement with the appliances necessary for using the gas and connecting said premises with said line and that the appliances used in fitting up said premises and connecting them with said line were the ordinary and proper appliances for the purpose."

Objected to for the reason "that the affidavit of defense states that the premises were equipped with such appliances only as the plaintiff himself deemed proper and necessary for that purpose, and that the defendant alleged in his affidavit of defense that he is without information as to the nature and character of the device provided by the plaintiff for the purpose of drawing gas from the line of the defendant."

The Court: The objection to the fourth purpose, as stated in the offer, is sustained; the question of whether those appliances are the necessary appliances is a matter of proof under the pleadings and is not admitted by the affidavit of defense. [1]

The averments in the pleadings which were sworn to were as follows:

That the said W. T. Gill, plaintiff, has fitted up said dwelling with all the pipe necessary, also the other said premises, to connect the said premises with said line, and has fitted up said premises with all the appliances necessary for using said gas.

Plaintiff avers that the appliances used in fitting up said premises and connecting them with said line were the ordinary and proper appliances for the purpose.

Affiant has no knowledge as to whether or not the plaintiff has been receiving a sufficient supply of gas, nor has he any information as to the nature and character of the devices provided by the plaintiff for the purpose of drawing the gas from the said line to his premises.

Defendant offered to prove:

1. That the defendant is a corporation created under the laws of this state, invested with the right of eminent domain, and created, among other purposes, for the purpose of producing natural gas and supplying the same to the public.

2. That at the time when the contract with the plaintiff was made, and before and since, the defendant was engaged in supplying gas to the public in the city of Pittsburg and vicinity.

3. That at the time said contract was made the natural pressure of the gas in the Murrysville field had fallen so low that gas could not be transported by the use of said pressure alone to the city of Pittsburg in sufficient quantities to supply the wants of the public during the winter season.

4. That for some time prior to the building of the line which passes through the property of the plaintiff, this company and other companies engaged in the same business had been compelled to assist the natural pressure by the use of pumps in order to transport the gas to the place of consumption and discharge its corporate duties, and that without the use of said pumps the defendant would have been unable to transport gas from the place where it is produced to the markets where it is consumed.

Counsel for plaintiff object to the offer for the reason, (1) that it is incompetent, immaterial and irrelevant; (2) that there is an unconditional agreement to supply the plaintiff with gas and nothing said in the agreement about the necessity of the corporation pumping gas.

The Court: For the present we overrule the objection and admit the offer.   Exception. [2]

Verdict for plaintiff for $500, subject to the question of law quoted in the opinion of the Superior Court.

The court subsequently entered judgment for defendant non obstante veredicto.

*G. B. Shaw* and *Denna C. Ogden*, for appellant.

*John B. Head*, with him *J. S. Moorhead*, for appellee.

OPINION BY RICE, P. J., July 25, 1901:

This was an action of assumpsit brought to recover damages for the breach of a contract to which we shall hereafter refer. By direction of the court the jury found for the plaintiff in the sum of $500 "subject to the question of law reserved by the court, viz: Is the defendant, under the written contract hereto attached, and under the undisputed and admitted facts raised by the pleadings and evidence, liable for any breach of contract. If under the contract and the facts admitted of record the court be of opinion the defendant is liable, then judgment to be entered for plaintiff for $500.   Otherwise judgment to be entered for defendant notwithstanding the verdict." Subsequently the court entered judgment for the defendant non obstante veredicto.   This, and two rulings upon evidence are the matters assigned for error.

We deem it important to premise the discussion of the assignments of error by a reference to the rule of the court below, which, so far as material here, is as follows: " In all actions founded on contract . . . . every material averment of fact appearing in the . . . . statement of claim . . . . replication, answer, affidavit of defense, supplemental answers or affidavits, specifications or any of the pleadings, verified by affidavit, and duly filed of record in the case, shall be deemed, at the hearing or trial, to be competent evidence of the fact so alleged, without further proof than the offer of such averment in evidence, and no evidence shall be admitted to support, contradict, qualify, explain, modify or vary such fact, unless the adverse party shall directly and specifically deny or traverse the same by proper plea, verified as aforesaid and duly filed of record in

the case as provided by these rules." The pleadings in this case comprised a statement of claim, the plea non assumpsit, an affidavit of defense, a replication, a rejoinder and a surrejoinder, and the proof consisted almost entirely of such averments of the pleadings as were admitted in evidence. The undisputed facts thus proved are as follows :

1. By contract under seal dated in November, 1891, the plaintiff granted to the defendant "the right of way to lay, keep and maintain one eight-inch pipe line for the transportation of gas over and through" his lands, describing them. The nominal consideration was $1.00. The contract contained this clause, upon the construction of which the case turns : "And in further consideration of this grant the said The People's National Gas Company shall furnish off said pipe line while on said premises free of cost to me in the said line the gas necessary to heat my dwelling on said land, and gas for one bake oven, one small heater in poultry house, and for laundry use, and also, for one street light to be placed in front of said dwelling and to be enclosed in glass ; the pipe, with necessary fitting and labor to transport and connect up said dwelling to the gas to be paid for by W. T. Gill."

2. After the completion of the line the plaintiff provided himself with such pipe and appliances as he deemed proper and necessary to carry the gas from the main to his premises, connected his premises by means of said pipe and appliances with the main, and has ever since maintained said connection without any let or hindrance on the part of the defendant.

3. There has been at all times since the making of the contract a sufficient quantity of gas passing through the defendant's main to supply the plaintiff with all that is required for the purposes mentioned in the contract, and during all that time the plaintiff has had the use of the gas in his premises, as provided in the contract, except when the defendant has operated its pumps on the line. But when the defendant's pumps were in operation, which was for the greater part of each year covered by the suit, they so affected the pressure in the main that the plaintiff's dwelling and other premises mentioned in the contract were not supplied with gas.

4. In its rejoinder the defendant alleged, and these allegations, although objected to as irrelevant, were not denied; that

it is a corporation duly created under the laws of the state, invested with the right of eminent domain, having been created for the purpose, among others, of producing natural gas and supplying the same to the public ; that at the time when this contract was made, and before and since, the defendant was engaged in supplying gas to the public in the city of Pittsburg and vicinity ; that at that time the natural pressure of the gas in the Murraysville field had fallen so low that the gas could not be transported by natural pressure alone to the city of Pittsburg in sufficient quantities to supply the wants of the public during the winter season ; that for some time prior to the building of the line which passes through the plaintiff's property the defendant, and other companies engaged in the same business, had been compelled to assist the natural pressure by the use of pumps ; and that without the use of pumps the defendant would have been unable to transport gas from the place where it is produced to the markets where it is consumed.

We construe the words of the contract, " furnish off said pipe line," to mean " out of " or " from that line," as distinguished from others.    That is to say, the plaintiff could not under any circumstances assert the right to take or have furnished to him, gas from any other line.    To " furnish " as construed by the context, is to bring a sufficient quantity of gas to his connecting pipe to supply his premises, which he could convey to his premises by suitable appliances in ordinary use.    If it were a proved or an admitted fact that there are no appliances of reasonable cost, and in ordinary use for taking gas off a line operated as the defendant's was, a breach of the defendant's contract might well be alleged.    In that case it would be no answer for the defendant to say, " the gas is in the main, come and take it," when there were no practical means by which it could be taken.    To be more explicit if the necessities of its business or its obligation to the public required the defendant to produce conditions which made performance of its contract with the plaintiff impossible, it seems reasonable that it should render him an equivalent in money.    We cannot see that its obligations to its Pittsburg customers were of any higher grade than its obligation to compensate the plaintiff for the right of way.    If, on the other hand, by the use of suitable appliances, it is entirely practical for the plaintiff to take the gas from the main, is the defendant

chargeable with a breach of contract in not furnishing them? We think not. The defendant did not undertake to do this. The selection of the means of conveying the gas to the plaintiff's premises clearly belonged to him; the burden of proof was upon him, and it was not enough for him to allege and prove that by the means selected by him, which he deemed necessary and proper, no gas was conveyed to his premises, when the defendant's pumps were operated. But the plaintiff did not content himself with the foregoing allegation. As already seen " the pipe and necessary fittings and labor necessary to transport and connect up said dwelling to the gas " were to be paid for by the plaintiff. After reciting this clause of the contract, and in immediate connection therewith, the plaintiff alleged in his statement of claim, that he " has fitted up said dwelling with all the pipe necessary, also the other said premises, to connect the said premises with said line, and has fitted up said premises with all the appliances necessary for using said gas." The manifest purpose of the plaintiff was to allege performance by him of the stipulations and conditions upon which he was to receive the gas, and, although the language chosen may be open to verbal criticism, we think it fairly may be, and therefore should be, construed as an averment of that material fact. This averment, it is true, was not distinctly admitted in the affidavit of defense, neither was it denied " directly and specifically," or even inferentially. The averment of the affidavit of defense, that the plaintiff " provided himself with such pipe and appliances as he deemed proper and necessary to carry and supply the gas from the main of the defendant to his premises " is not in terms or in effect an averment that the pipe and appliances which the plaintiff provided were not the proper and necessary appliances. The defendant evidently had no intention to traverse the plaintiff's averment, for in a subsequent clause of the affidavit of defense the affiant says, " nor has he any information as to the nature and character of the devices provided by the plaintiff for the purpose of drawing the gas from the said line to his premises." Such being the state of the pleadings, we fail to see why, under the court rule, the plaintiff should not have been permitted to introduce on the trial the averment of his statement of claim as evidence of

the fact therein alleged.   See Wickersham v. Russell, 51 Pa. 71, and Frank v. Colhoun, 59 Pa. 381.   While the appellate courts usually accept the construction by other courts of their own rules, yet this is not invariably done, and we cannot but regard the rejection of this offer as plain and material error. For, although the oral testimony adduced by the plaintiff may not have fully established the averment of his statement of claim, it does not disprove it.   The plaintiff's case is in no worse situation than it would be if he had offered no other evidence of the performance of his part of the contract than the averment of his statement of claim.   By the exclusion of this offer he was deprived of the benefit of what, under the rule of court, was " competent evidence " of a fact that would have materially affected the decision of the question as to the right of the plaintiff and the liability of the defendant, as we have attempted to show.

We cannot say that there was error in the admission of the evidence which is the subject of the second assignment.

The judgment is reversed and a venire facias de novo awarded.