## Nicodemus v. Farley et al.

Before Evans, P. J., McCann and McKenrick, JJ.

*Scanlan & Harkins*, for appellants.

EVANS, P. J., February 24, 1931.—The record produced before us on the writ of certiorari shows two separate proceedings before a justice of the peace brought by H. H. Nicodemus, one against Pearl Farley and the other against Frank Farley. In each case the record shows that the action is brought to recover school taxes for the year 1929; that the plaintiff below was the tax collector of the Borough of South Fork; that the taxes sued for, being the sum of $5.25 in each case, were levied for school purposes for the year 1929 and were delinquent at the time of the suit, which was instituted August 1, 1930. The record further shows that the summons was issued on August 1, 1930, and made returnable August 5, 1930, and the hearing held on August 5th.

Four exceptions were filed, but it is sufficient to consider only three of them. The first exception is as follows:

"The record shows that the justice of the peace had no jurisdiction to proceed for the collection of taxes by suit."

The second exception is:

"The record shows that it was not lawful for the plaintiff to institute the suits before the magistrate."

In support of exceptants' contention, our attention is called to the fiftieth section of the Act of April 15, 1834, P. L. 509, which provides as follows:

"It shall not be lawful for any collector to institute a suit, for the recovery of any tax in any court of this State, or before any alderman or justice of the peace of this State, and no such court, alderman or justice, shall issue process for such purpose."

This section of the Act of 1834 was modified by the Act of April 11, 1848, P. L. 517, section 3, by providing that the Act of 1834 "shall not be so construed as to prohibit a collector of taxes from instituting suit or suits for the recovery of taxes due and unpaid, at any time after the expiration of his warrant; but in all cases where taxes are due and unpaid to any collector, after the expiration of his warrant, when such collector has not been legally exonerated therefrom, every such collector, or person, his executors, administrators, or any of them, is hereby declared to have full right and power to sue for and recover the same, with interest thereon, after the expiration of

his warrant as aforesaid, from all and every person and persons, bodies politic and corporate, owing the same, as other debts of like amount are now by law recoverable."

Warrants of tax collectors are effectual for a period of two years: Act of April 22, 1846, P. L. 486, section 21. However, the legislature from time to time at its biennial session has made provision for the extension of tax collectors' warrants for a further period of two years.

Under the Act of 1834, above mentioned, the actions in question were both improperly brought. There was no authority in the tax collector to bring suit for taxes when his warrant was still effectual, as it is shown to have been from the testimony in the record in this case, and the magistrate had no authority to issue any process, so that the whole proceeding is a nullity. The provision of the legislature in this respect is a wise one, for the reason that it had already been provided in the law that the tax collector under his warrant had power to seize property and sell the same without incurring any costs except such as would arise in connection with such sale. The effect of bringing a suit against the property and obtaining a judgment and then issuing an execution was simply to inflict costs upon the one taxed without any sufficient reason for so doing. In each of the cases referred to, an execution was immediately issued directed to the constable, and this in the face of the fact that on the very day the suit was brought the tax collector could have seized the goods of the respective defendants under his warrant and by proceedings in accordance with the provisions of the law promptly sold the same unless their taxes and costs were paid.

Liability to pay taxes cannot be enforced by common-law proceedings, unless so provided by statute, and then the provisions of the statute must be followed: Wickersham v. Russell, 51 Pa. 71; McKeesport Borough v. Fidler, 147 Pa. 532; Com. v. Mahon, 12 Pa. Superior Ct. 616; Schmuck v. Hartman, 222 Pa. 190; and the collector may use his warrant, and that alone, to enforce collection of taxes so long as his warrant is in force: Wickersham v. Russell, supra. The payment of taxes under the Act of 1848 can be enforced only when the collector has paid them or become responsible for them, and his warrant may not be used to collect the same: Bouck v. Kittanning Supervisors, 1 Am. L. Reg. 125; and in the event of such a suit, it is part of the plaintiff's case to show that he has not been exonerated from the collection of the taxes: Gring v. Burkholder, 2 Woodw. 82. But after the expiration of the warrant, either the collector or his sureties, who have been compelled to pay the taxes, may bring an action of assumpsit to recover the unpaid taxes which have not been exonerated: Gillespie v. Sefrin, 1 Chest. Co. 61; McCracken v. Elder, 34 Pa. 239; Creswell v. Montgomery, 13 Pa. Superior Ct. 87; Com. v. Mahon, supra.

It is clear from the above references to the act itself, as well as from the decisions, that both the actions in question, as shown by the magistrate's record, were improper suits and the magistrate was without jurisdiction, and his judgment, therefore, must be reversed and set aside.

The third exception is to the effect that the record shows that the summons in this case is a long summons, that is, it must be returnable not less than five nor more than eight days after the issuance of the summons, and that the record discloses that it was made returnable less than five days after its issuance. It is not necessary to cite authority to the effect that in counting the period fixed under the act of not less than a certain time the first day is excluded and the last day included, and applying the proper rule to the present case, it is apparent that the summons was not made returnable after five

days had intervened, but was made returnable on the fourth day, and for this reason is fatally defective. We, therefore, enter the following

*Decree.*

And now, February 24, 1931, after due consideration, the first, second and third exceptions are sustained and the judgments of the magistrate against Frank Farley and Pearl Farley, respectively, are reversed and set aside.

From Henry W. Storey, Jr., Johnstown, Pa.