## Sloan v. Hirsch

*Crumrine & Crumrine*, for plaintiff.
*Paul N. Barna*, for defendant.

BROWNSON, P. J., February 13, 1937.—The statement of claim sets forth that on September 24, 1929, defendant became the owner by conveyance of certain improved real estate in the City of Pittsburgh which his grantor had previously mortgaged, and on November 1, 1929, plaintiff became the owner and holder of said mortgage, on which there remained unpaid a balance of the mortgage debt, to wit $3,000; that defendant continued to be the owner of said property until October 11, 1935, and during the years 1933, 1934, and 1935 was the registered owner for taxation purposes in the City of Pittsburgh and County of Allegheny, and certain county, city, and school taxes were assessed during that period; that on October 7, 1935, said property was sold at public sale by the sheriff on foreclosure of the mortgage and purchased thereat by the holder of the mortgage, plaintiff, who received a deed therefor from the sheriff on October 11, 1935; that on distribution of the purchase money there were paid the costs, and county, city, and school taxes aggregating $337.04, leaving $31.59 applicable to the mortgage debt. This action is brought to recover the amount of the taxes so paid, upon the ground that defendant was legally liable for and bound to pay the same and plaintiff, having paid them, is entitled to reimbursement therefor.

Defendant, by statutory demurrer, has objected that the statement of claim does not exhibit a good cause of action.

There are several cases ruling that when the owner of mortgaged real estate, whether such owner be the mortgagor or the latter's alienee or successor in title, has failed to pay taxes, assessed against him during his ownership, upon such property, for which he was personally liable, and the holder of the mortgage, upon foreclosure, has been

compelled to pay taxes so assessed, the latter will be entitled to be reimbursed: See, for example, Hogg v. Longstreth, 97 Pa. 255; King v. Mount. Vernon Bldg. Assn., 106 Pa. 165; Pennsylvania Co., etc., Trustee, v. Bergson, 307 Pa. 44; Pennsylvania Co., etc., v. Verlenden et al., 119 Pa. Superior Ct. 398. In the majority of the reported cases that were called to the attention of the court at the argument, the payment was made by the mortgage holder after his purchase of the mortgaged property at sheriff's sale, and was in addition to his bid, being for taxes the lien of which had not been divested by the sale; but it has been decided by both the Supreme and Superior Courts that when the taxes are paid out of the fund produced by the sale, with the result of thus reducing the amount which would otherwise be applicable to the mortgage and distributable to the mortgagee, this is in effect a payment by him within the meaning of the rule above stated, and entitles him to reimbursement thereunder: Commonwealth National Bank v. Shoemaker, 13 W. N. C. 255, affirming 15 Phila. 297; The Republic B. & L. Assn. v. Webb, 12 Pa. Superior Ct. 545; Fleisher v. Blackburn (see syllabus), 15 Pa. Superior Ct. 289.

Defendant calls attention to the fact that the cases first above cited all arose in Philadelphia, where there is a law giving the municipality the right to bring an action in personam against the property owner for recovery of the unpaid taxes, and that what the court in those cases did was to subrogate the mortgagee to this right of action so vested in the municipality; and accordingly defendant claims that those decisions have no application whatever to this case, in which the property is not located in Philadelphia. Defendant distinguishes the case of Colonial Trust Co. v. Penn State Saving & Loan Assn., 84 Pitts. 494, relating to taxes on a Pittsburgh property, upon the ground that no such question as this statutory demurrer raises was raised in that case.

So far as concerns the school taxes which are a part of the claim in the present case, an answer to this argument

may be found in section 503 of the School Code of May 18, 1911, P. L. 309, which specifically vests in "Every school district in this Commonwealth" the right to "maintain an action in assumpsit for the collection of any unpaid school taxes".

The general rule is that in the absence of such a statute assumpsit cannot be brought by a taxing municipality for the collection of taxes; they are not collectible by a common-law action unless this remedy is expressly given by statute: Bouck v. Supervisors, 1 Am. L. Reg. (O. S.) 125; McKeesport Borough v. Fidler, 147 Pa. 532; although a tax collector, not exonerated, and personally charged with them, may sue after the expiration of his warrant: McCracken v. Elder, 34 Pa. 239.

However, the existence or nonexistence of a right in the municipality to maintain a common-law action goes merely to the question whether a particular form of remedy may be extended to the mortgagee. The existence of such right of action is not the fundamental basis of his right to reimbursement; that basis is personal and primary liability for the taxes, and the personal liability of the property owner does not depend upon such statutes as those operative in Philadelphia. Although the rule is different in the case of unseated land, it is the general law of the State that every assessed owner of seated land is personally liable for taxes thereon assessed during his ownership: Shaw v. Quinn, 12 S. & R. 299.; Caldwell v. Moore et al., 11 Pa. 58; Densmore v. Haggerty, 59 Pa. 189; Hogg v. Longstreth, supra; Commonwealth National Bank v. Shoemaker, supra; King v. Mount Vernon Bldg. Assn., supra; The Republic B. & L. Assn. v. Webb, supra; Commonwealth, to use, v. Mahon, Exec., 12 Pa. Superior Ct. 616; Miller et al. v. Gorman et al., 38 Pa. 309; Kean v. Kinnear, 171 Pa. 639, 643; Pennsylvania Co., etc., Trustee, v. Bergson, supra. McCracken v. Elder, supra, is based upon this rule. While the taxing municipalities must, unless the right to sue in personam has

been specially conferred, pursue the statutory method prescribed by the general law, of enforcing this liability, i. e., by the levy on goods or taking the body in pursuance of the collector's warrant, and therefore cannot bring a common-law suit for the tax, nevertheless it is the owner's personal debt and as such may in the event of his death be paid in the distribution of his estate, along with other debts, out of his personalty: Reed's Estate, 4 Phila. 375; Casner's Estate, 2 Kulp 474; Decker's Estate, 22 Pa. C. C. 46. The two last named cases arose out of Philadelphia. In Alter's Estate, 4 Pa. C. C. 558, where a testator owned land located in New Jersey, it was held that taxes thereon assessed against him in his lifetime were a personal debt which, as between his executor and the devisee of that land, should be paid out of the personal estate, and the devisee was entitled to reimbursement therefrom. Brolasky's Appeal, 3 Penny. 322, also holds that a devisee of real estate is entitled to be reimbursed for taxes which accrued during the ownership of the testator.

The principle upon which, in the Philadelphia cases, the mortgagee's right of reimbursement was based, as distinguished from the question of the particular remedy to be resorted to, was that, the owner of the mortgaged premises being personally liable for the taxes, he should be the one, as between himself and the mortgagee, to pay them, and owes to the mortgagee the duty of paying them so as to prevent the value of the mortgage security from being impaired, and hence, when the owner has defaulted in this duty, to the detriment of the mortgagee, the latter will be equitably entitled to a remedy of some sort. What the remedy should be in a particular case may depend upon circumstances. If there be a right of action in the municipality, created by statute, to which he can be subrogated, as there was in the Philadelphia cases, well and good. If there be not, there is the general principle, grounded on equity and good conscience, which warrants the use of assumpsit by the mortgagee independent of

any statute. This principle was well expressed by Porter, J., in Rawle v. Renshaw, 15 Pa. Superior Ct. 488, in the following words:

"That one who has been compelled to pay taxes, for which another is legally and personally liable, may recover the amount so paid from him whose duty it was to pay such taxes, is now too well settled to require discussion: Republic Building & Loan Association v. Webb, 12 Pa. Superior Ct. 545; Commonwealth v. Mahon, 12 Pa. Superior Ct. 616; Caldwell v. Moore, 11 Pa. 58; King v. Mount Vernon Building Association, 106 Pa. 165. The right to recover in such a case is based upon the principle that he who is compelled to pay the debt of another, because of the omission of the debtor to do so, may recover on the ground that the money is paid for the use of the debtor, and the law infers that the debtor requested such payment and promised reimbursement. Upon this implied promise of the debtor, the party may maintain an action at law . . . without the intervention of the municipality or the collector of taxes as legal plaintiffs.

"It is an equitable mode of compelling the ultimate discharge of the debt by him who in good conscience ought to pay".

There is a paragraph in defendant's affidavit objecting to the statement of claim as incomplete and indefinite; but there is no specification of wherein it is so. This would properly be the subject of a rule to strike off or for a more specific statement.

We are not satisfied that we should sustain the position that plaintiff has no right to maintain the action, and enter judgment for defendant. It seems that, not only as to school taxes, but also as to other taxes plaintiff has a prima facie right to reimbursement.

And now, February 13, 1937, the statutory demurrer is overruled and leave is granted to defendant to file a further affidavit of defense within 20 days after notice to his counsel of the filing of this order.