## Patterson *against* Blackmore.

The severance of part of a tract of land from the whole tract, on which the owner or his tenant resides, will not subject such part to a separate assessment and sale for taxes, by the treasurer, as unseated land. The owner and occupier of land can not exempt himself from personal liability for the payment of taxes for the whole of his land, by dividing off and abandoning a part as worthless: it is the duty of the assessor in such case to assess the whole as one tract.

ERROR to the district court of *Allegheny* county.

Thomas Blackmore against James Patterson. This was an action of ejectment for two lots of ground in the borough of Birmingham. The plaintiff gave in evidence a regular legal title to the lot in dispute, vested in him. The defendant relied upon a title derived from a sale of the lots by the treasurer for taxes, and to support it gave in evidence an assessment of taxes for the year 1812, and a return of them as unseated in the name of James Smith, a sale by the treasurer, and a deed to the defendant dated July 20, 1818. To rebut this the plaintiff proved that previously to 1812 Dr. Bedford was the owner of seventy-five acres of land and that he laid off a part of it into lots, some of which were enclosed and some not, of which the two in dispute were a part: that during the years 1811, 1812 and 1813 a tenant occupied and resided upon the seventy-five acre tract: they then gave in evidence the assessments and duplicates to show that for those years the seventy-five acres were taxed as one tract in the name of "John Irwin or Dr. Bedford." There was no positive evidence of the payment of the taxes assessed.

The court below (Grier, president,) was of opinion that the plaintiff was entitled to recover; that if the whole tract of land was seated and had a tenant residing upon it with property enough to pay the tax, and there was no evidence of Dr. Bedford having sold the lots in dispute to James Smith, or any body else, there was a necessary presumption that the tax had been paid.

*M'Candless* and *Biddle*, for plaintiff in error, cited 2 *Penns. Rep.* 496; 13 *Serg. & Rawle* 370; 10 *Serg. & Rawle* 254; 17 *Serg. & Rawle* 350; 3 *Watts* 260; 1 *Watts* 503.

*Shayler*, for defendant in error.

The opinion of the court was delivered by

GIBSON, C. J.—It has been said that a proprietor may abandon a tract of land to taxation as unseated, to avoid a personal liability

[Patterson v. Blackmore.]

for it; and he may undoubtedly do so with the whole of it, but, without the concurrence of the fiscal officers, can he do so with a part thrown out, which, standing by itself, might be worthless? In such a case, it seems to me, the public might insist on making the available portion of what is sold as a whole pay for the rest; for it would be unreasonable to suffer its vendee to retain as much of his purchase as pleased him, and rid himself of the public charge for all beyond. The assessing officer, therefore, may disregard his demarcation and tax the whole under the same denomination; but there is no reason why he may do so after severance by sale, for the severed portion, being of value to attract a purchaser, is presumably of value to answer its share of the taxes, and the law consequently requires him to regard a severance by alienation. For purposes of taxation, therefore, a tract of land laid off for sales by parcels, is to be treated as a whole; and as it can be taxed only by one denomination, the officer cannot assess it as seated and at the same time assess a part of it unseated, or recur to the soil when it is found that the tax cannot be had from the person of the reputed owner. On the contrary, an assessment by a wrong denomination, is simply void. What then was the denomination of the lot in question? It was parcel of a seated tract laid off in lots according to a general plan; but there was no evidence that this particular lot had been sold, and consequently there was no evidence that it had changed its denomination by severance, for, as already remarked, the marking off a part for future application to a separate use, is not such a severance as produces a change of character. Had Dr Bedford, therefore, intended to effect an immediate severance, it would be sufficient that it was not sanctioned by the officers, who continued to assess the tract as a whole, and thus fixed the denomination of the lot in question so conclusively that they or those who claim under them, are not at liberty to controvert it. What matters it then how they treated it under the ideal ownership of another? Had Smith, as whose property it was sold by the treasurer, been the actual proprietor of it, the purchaser would have succeeded to his title, not because it is the title and not the thing which is sold, but because the change of denomination consequent upon a severance by alienation, would have given the assessor cognizance of it as an unseated fragment. No trace of title, however, was found to have been in him; and the assessment of it as such being void, it was unimportant whether the tax, assessed on it as an undivided part of a seated tract, had been paid. Though double taxation is illegal, yet a double assessment of the same tract in different names, but by the same denomination, is not void; and the doubt is, whether payment of one of the assessments would not discharge the land from the other. But the erroneous one of two assessments under inconsistent denominations, being actually void, cannot be helped by want of payment of the tax legitimately due. Now the original tract, in this instance, was

IX.—K

seated, and the assessor had not cognizance of any part of it as any thing else; and the tax assessed on this particular lot being illegal, is to be treated as if it had not been laid. The judge therefore charged too favourably for the defendant, in requiring the plaintiff to show that the tax assessed on the original tract had been paid. The whole being seated, and the owner being personally liable for it, the officers had no right to recur to the soil of any part of it; and if, on the other hand, it had been in fact unseated, the treasurer's vendee would not have been prejudiced by actual payment of a tax illegally assessed on the land by a denomination it did not bear. The defendant, therefore, has no room for complaint.

Judgment affirmed.