## Smeich *versus* The County of York.

1. County tax was assessed against Foust in 1868, his land was sold by the sheriff and the purchaser went into possession in October 1869. *Held*, that the purchaser was not liable for the tax.

2. The tax-laws of April 6th 1802, April 3d 1804, and the 46th section of Act of April 15th 1834, compared and construed.

3. Henry *v.* Horstick, 9 Watts 413; McGregor *v.* Montgomery, 4 Barr 237; Caldwell *v.* Moore, 1 Jones 58, remarked on.

May 4th 1871. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *York county:* No. 25, to May Term 1871.

This was an amicable action and case stated in which the County of York was plaintiff and Jacob Smeich defendant (August Term 1870).

The case was as follows:—

"In the year 1869, and previously, Joshua E. Foust was the owner of a certain tract of land, situate in Shrewsbury township, York county, and certain county taxes were assessed against him on the said tract of land. In August 1869, the said tract of land was sold at sheriff's sale, and purchased by Christoff Kolter. Christoff Kolter conveyed said tract of land to Jacob Smeich. The taxes assessed in November 1868 against J. E. Foust are now demanded from the above defendant, who went into possession of said lands on the 1st day of October, 1869. The collector's warrant is in the form prescribed by law. If Jacob Smeich should pay the said taxes and is legally liable to pay the same, and his goods and chattels on the premises are liable to distress therefor, then judgment to be entered in favor of the plaintiff for $18.27; otherwise to be entered for defendant."

The court (Fisher, P. J.) entered judgment for the plaintiff for $18.27 according to the case stated.

[Smeich *v.* County of York.]

This was assigned for error by the defendant upon the removal of the record to the Supreme Court.

*W. C. Chapman*, for plaintiff in error, cited Act of April 15th 1834, § 46, Purd. 943, pl. 84, Pamph. L. 518; Caldwell *v.* Moore, 1 Jones 58; McGregor *v.* Montgomery, 4 Barr 237; Parsons *v.* Allison, 5 Watts 72; Scott *v.* Whitely, 3 Penna. L. J. 361; Moore *v.* Marsh, 10 P. F. Smith 46.

*J. Gibson*, for defendant in error.

The opinion of the court was delivered, May 15th 1871, by

AGNEW, J.—The question presented by the stated case is, whether a purchaser at sheriff's sale in August 1869 is bound for the payment of taxes assessed against the former owner of the land in November 1868, and his goods on the premises liable to distress therefor. The court below held that he was liable under the decision in Henry *v.* Horstick, 9 Watts 413. That case is inapplicable to this. It arose before the Act of 1834, and the opinion of Justice Kennedy was founded on a different law. The action there was brought against the administrator of a former owner who had died more than a year before the assessment of the taxes paid by the plaintiff, and the court held that the estate of the decedent was not liable. The act in force at the time the taxes were assessed and paid was the Act of 3d April 1804, 4 Smith's Laws 201, the 6th section of which applied only to tenants who occupy or possess lands, and were made liable to pay all taxes which during such occupancy or possession may thereon become due and payable. They were authorized also to recover the sum paid from their landlords or defalcate the amount against their rent. In that act there is no reference to the time of *assessment* of the taxes, but to the time when they fall due and payable. This section applied to county taxes. The provision for road taxes was continued in the 8th section of the Act of 6th April 1802, 3 Smith's Laws 516. It provides: "That the tenant or tenants or other persons residing on lands owned by persons not residing in the township, his, her or their goods shall be liable to be levied on in manner aforesaid for the payment of said taxes; and where any tenant or tenants shall have taken or hereafter may take a lease of lands or tenements for one or more years, and of which the tenant shall be *in possession at the time of assessing or levying the tax* for public roads and highways, and shall pay the rate hereby imposed on the said lands or tenements so leased, in such case it shall be lawful for the tenant or tenants to deduct the tax out of the rent due or to become due, or to recover the same from the owner or owners by action of debt with costs of suit." The 46th section of the Act of 15th April 1834 was taken,

[Smeich *v.* County of York.]

we are informed by the revisers of the Code, from the 6th section of the Act of 1804 and the 8th section of the Act of 1802. It reads thus: "The goods and chattels of any person occupying any real estate shall be liable to distress and sale for the non-payment of any taxes *assessed upon such real estate during his possession or occupancy,* and remaining unpaid, in like manner as if they were the goods and chattels of the owner of such real estate."

It is evident the revisers rejected the features of the Acts of 1802 and 1804 which appeared to confine the liability to the goods of *tenants* only holding by lease, and extended it to the goods of the person *occupying any real estate.* But as this would comprehend an alienee or other person coming in under a conveyance long after the taxes were laid, the revisers adopted the feature of the 8th section of the Act of 1802, which expressly confines the liability to the person in possession at the time of *assessing* or levying the tax for public roads and highways. Hence the provision in the Act of 1834 is that the goods of the occupier shall be liable for the non-payment of any taxes *assessed* upon such real estate *during his possession* or occupancy, and remaining unpaid. The section is concisely written and clearly expressed, and has but one meaning. There is no authority for transposing the words of a law so plainly expressed, and made upon a purpose so evident, gathered from former laws. This construction was given to the 46th section of the Act of 1834 by Judge McCalmont in McGregor *v.* Montgomery, 4 Barr 237, and not criticised by this court in affirming the judgment. The case of Caldwell *v.* Moore, 1 Jones 58, is that of a tenant under lease, and Justice Rogers quotes at length the 6th section of the Act of 1804, making no reference to the Act of 1834. The court below erred in following the case of Henry *v.* Horstick, *supra,* and giving judgment for the plaintiff below.

The judgment is reversed, and judgment is now entered for the defendant below with costs.