## Mary Jane Kean, Appellant, *v.* J. B. Kinnear.

| | |
|---|---|
| 171 | 639 |
| 204 | ¹294 |
| 171 | 639 |
| 28 SC | 246 |
| 171 | 639 |
| c218 | 92 |
| d218 | 99 |

*Taxation—Tax sales—Sale of real estate—Order of liability of property for taxes—False return by collector—Trespass—Question for jury—Acts of April 29, 1844, May 13, 1879, June 3, 1885, and April 15, 1834.*

Under the acts of April 29, 1844, sec. 41, P. L. 501, May 13, 1879, sec. 2, P. L. 55, June 3, 1885, P. L. 71, and April 15, 1834, sec. 46, P. L. 518, the law has established the order of liability for taxes to be, first, the personal property on the premises, secondly, demand on the owner individually, and lastly, the land itself, and it is only on the failure to collect by either of the first two methods that resort can be had to the third and the land be legally sold or returned for sale.   If the collector proceeds directly against the land except under the prescribed conditions it is without warrant of law and he is a trespasser.

In an action against a tax collector by the owner of the premises to recover damages for a false return of land, where it appears that the tax collector returned that " by a proper effort he could not find sufficient personal property, by a legal sale of which, such taxes or any portion thereof could have been collected," and the plaintiff gave evidence that

there was such property on the premises, the plaintiff has made out a prima facie case of false return which should be submitted to the jury.

*Tax sale—False return—Damages.*

In an action against a tax collector to recover damages for a false return of land without first having resorted to personal property on the premises, where it appears that the personal property on the premises belonged to a tenant who had covenanted to pay the taxes as part of his rent, plaintiff is entitled to recover whatever he paid under the compulsion of the false return.

Argued Oct. 7, 1895.   Appeal, No. 285, Oct. T., 1894, by plaintiff, from judgment of C. P. Venango Co., entering nonsuit.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Trespass for damages for false return by tax collector.   Before TAYLOR, P. J.

At the trial it appeared that plaintiff was the owner of a farm which she had leased to Samuel Smail under an agreement that as a part of the rent Smail would pay the taxes assessed upon the lands during the term.   On December 31, 1889, defendant, a tax collector, made return " that by a proper effort at the proper time he could not find sufficient personal property, by a legal sale of which such taxes or any portion thereof could have been collected."

Evidence on behalf of the plaintiff tended to show that there was ample personal property belonging to the tenant on the premises to pay the taxes.

The court entered a compulsory nonsuit which it subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was above order.

J. H. Osmer, A. R. Osmer and N. F. Osmer with him, for appellant.—The tenant or occupier is primarily liable for the payment of the taxes assessed upon the land, and when, as in this case, the lessor or owner is a nonresident of the township, the duty of the collector to enforce the collection of the taxes against the property of the tenant is mandatory : Act of April 15, 1834, sec. 44 ; Smeich v. County of York, 68 Pa. 439 ; McGregor v. Montgomery, 4 Pa. 237.

A return made by the sheriff or other ministerial officer to a

writ in which is stated a fact contrary to the truth and injurious to one of the parties, or to some one having an interest in it, is a false return : 1 Bouvier's Law Dict. 511.

In such case the officer is liable for damages to the party injured : 2 Esp. Cas. 475 ; 1 Chit. Pl. 78 and 155 ; Hilliard on Torts, 217 ; Colby v. Sampson, 5 Mass. 311 ; Weld v. Bartlett, 10 Mass. 471 ; Laughlin v. Willard, 16 Pick. 64 ; Prescott v. Bancroft, 1 Metcalf, 500 ; McDonald v. Dunn, 3 Denio, 45 ; 2 Greenl. Ev. sec. 592 ; Kleckner v. Lehigh County, 6 Wharton, 66 ; Patton v. Ins. Co., 1 Phila., 396 ; Benwood Iron Works v. Hutchinson & Bro., 101 Pa. 359 ; Pierce v. Humphrey, 14 S. & R. 23.

*J. W. Lee*, for appellee.—The appellant in the court below appeared to rely on the provisions of the act of June 2, 1881, P. L. 45 ; Purd. Dig. 1988, Pl. 134. This was the act under which the return of the collector, the appellee, was made, and in making the return he followed the language of this act.

The language of the act of June 2, 1881, is, that " All taxes, whether county, township, poor, school or municipal taxes assessed by competent authority upon real estate, except in cities of the first, second and fourth class, shall be a first lien from the date of the levying of the same upon the real estate upon which they are levied." The act is not general, but local, because it does not apply to every part of the commonwealth : Davis v. Clark, 106 Pa. 377 ; Scranton v. Silkman, 113 Pa. 191.

The act of June 2, 1881, was expressly declared unconstitutional by two able judges of the court of common pleas : Townsend v. Wilson, 7 Pa. C. C. 101, and Miller v. Cunningham, 7 Pa. C. C. 500. Neither of these cases appear to have been appealed to the Supreme Court.

The owner of seated land is liable for taxes, and the act of assembly making liable the goods and chattels of the tenant of the land at the time the taxes are assessed is only intended to give an additional remedy for their collection. In the absence of any covenant touching the payment of taxes, the law implies a contract on the part of the landlord to pay the same, and if he fail to do so, the tenant may discharge them and defalcate the amount so paid from the rent : Jackson and Gross, Landlord and Tenant, sec. 957.

OPINION BY MR. JUSTICE MITCHELL, November 4, 1895 :

By the act of April 29, 1844, sec. 41, P. L. 501, real estate on which personal property cannot be found sufficient to pay the taxes assessed thereon, and where the owner refuses or neglects to pay, shall be returned by the collector to the county commissioners for the purpose of sale.   But by the proviso of the same section no sale shall be had until the owner shall have refused or neglected to pay for the space of two years.

By the act of May 13, 1879, sec. 2, P. L. 55, in all cases where land has been sold or returned for sale for taxes, the owner may show that there was on it sufficient personal property to pay all the taxes assessed thereon which might have been seized by the collector if he had used due diligence " and in such case the title of the original owner shall not be doubted." To the same effect is the act of June 3, 1885, P. L. 71, making valid sales for taxes irrespective of the fact whether seated or unseated, but providing that nothing in the act should validate or authorize the sale of any land in fact seated at the time of the assessment, if there was sufficient personal property on the premises to pay all taxes assessed thereon, liable to have been seized therefor.   And by the act of April 15, 1834, sec. 46, P. L. 518, the goods and chattels of any person occupying any real estate shall be liable to distress and sale for taxes in like manner as if they were the goods of the owner of such real estate.

From these statutory provisions it is clear that the law has established the order of liability for taxes to be, first, the personal property on the premises, secondly, demand on the owner individually, and, lastly, the land itself, and it is only on the failure to collect by either of the first two methods that resort can be had to the third and the land be legally sold or returned for sale.   The collector proceeding directly against the land except under the prescribed conditions is without warrant of law and liable as a trespasser.

In the present case the collector returned that " by a proper effort he could not find sufficient personal property by a legal sale of which such taxes or any portion thereof could have been collected."   The plaintiff having given evidence that there was such property on the premises, had made out a prima facie case of false return which should have gone to the jury.   It is said in appellee's paper-book that the property was grain in a gran-

ary not accessible to the collector for levy. No authority is cited to show that a tax collector may not peaceably break open a locked barn or grain bin, but without reference to whether or not that would have been a sufficient excuse, the facts were for the determination of the jury.

There remains the question of damages. It is no answer to say that the plaintiff only paid her own debt, for which she was personally liable, and therefore has suffered no damages. A debtor may pay his debt out of whatever fund he chooses, and when the law steps in to make the payment by compulsion, he has a right that the order of liability which the law has established shall be strictly followed. The plaintiff had the right to have these taxes collected in the first instance out of the goods on the premises. By the action of the collector in passing by these goods and returning the land, the plaintiff was put under duress to pay in money. Even if the goods had been her own she would have been entitled to nominal damages which would have included the costs of advertisement, etc., which she was obliged to pay. But it appears in plaintiff's evidence that the goods on the premises belonged to the tenant who had covenanted to pay the taxes as a part of his rent. If therefore the collector had done his duty by collecting the taxes from those goods, the plaintiff would have been relieved from the payment altogether. Whatever she did pay therefore, under the compulsion of the return of her land for sale, was a loss and damage to her, resulting directly from the defendant's illegal act. While it is no part of a collector's office to enforce contracts between lessor and lessee, yet the fact that incidentally he may be doing so does not relieve him from the duty of proceeding according to law, and if he departs from this obligation he makes himself liable for any damages which may result to other parties.

Judgment reversed and procedendo awarded.