Commonwealth of Pennsylvania to the use of Burgess and Town Council of the Borough of Chambersburg and of the School District of the Borough of Chambersburg, now for the use of H. M. White et al., v. T. M. Mahon, Executor of Martha M. Mahon, Deceased, Appellant.

*Contracts by insolvent tax collector—Credit of taxes in his own relief does not work payment—Public policy.*

An agreement between an insolvent tax collector and his assignee that unpaid taxes legally assessed be appropriated to the payment of the individual debts of the collector and credited to the property owner is void as against public policy, and because specially prohibited by the Act of June 3, 1885, P. L. 72.

*Uncollected taxes—Subrogation of surety—Cause of action—Interest—Proper legal plaintiff.*

The owner of seated lands who has failed to pay taxes duly assessed and levied upon such lands during his ownership is liable to be called upon, by a common-law action, to reimburse the sureties of the tax collector who have been compelled to pay them with interest from date of such enforced payment. The action should be brought in the name of the sureties as legal plaintiffs.

*Personal liability for unpaid taxes—Statute of limitations.*

The right of action at law inures to a tax collector when the warrant for collection of taxes expires, and the statute of limitations does not begin to run in favor of the owner as against this remedy until the right of action arises.

*Practice, Superior Court—Unnecessary parties—Amendment in appellate court.*

Where legal plaintiffs are irregularly made parties, the cause of action being complete in the equitable plaintiffs, and the cause has been tried on its merits between the real parties, the appellate court will permit the record to be amended in that court.

Argued March 22, 1899. Appeal, No. 27, March T., 1899, by defendant, from judgment of C. P. Franklin Co., April T., 1897, No. 81, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Assumpsit. Before STEWART, P. J.

It appears from the record that the suit was originally brought in the name of Charles B. Brand, administrator of Jacob S. Brand, deceased, for the use of H. M. White, against T. M. Mahon, and by order of court, the style of suit was amended so that the legal plaintiff should be the commonwealth to the use of the burgess and town council of the borough of Chambersburg and of the school district of the borough of Chambersburg, now for the use of H. M. White et al.

The equitable plaintiffs were the sureties on the bond of Jacob S. Brand, against whom judgment had been recovered for the amount of taxes for which Jacob S. Brand, the collector, had not settled, including taxes upon the seated lands of Martha M. Mahon.

The facts in detail sufficiently appear in the opinion of the court.

Defendant submitted among others the following points:

[1. The record as it now stands amended is as follows: The commonwealth of Pennsylvania, to the use of the burgess and town council of the borough of Chambersburg, and of the school district of the borough of Chambersburg, and now to the use of H. M. White, W. J. Zacharias, D. A. Orr, Van T. Haulman, Jno. R. Orr, W. H. Bricker, D. S. Flack, George Zullinger, W. Scott Flack, D. M. Sheller and A. J. White, v. T. M. Mahon, executor of the last will and testament of Martha M. Mahon, deceased. Such action cannot be maintained, and the verdict must be for defendant, (1) because no statute provides for such common-law action to enforce the plaintiffs' demand; (2) the statutes of this commonwealth having provided in the cases of boroughs and school districts certain special methods for the collection of taxes, viz: by distress, such remedy must be strictly pursued; and a common-law action cannot be maintained, except as provided by the act of assembly approved April 11, 1848, and then only in the name of the collector of taxes or his personal representatives. *Answer:* For the present I will instruct you directly to the contrary in this, but I reserve the question of law here stated in this point for further consideration, and if upon full consideration I am convinced that the law is correctly stated in this point, then, inasmuch as that would prevent the plaintiffs' recovery, judgment will be entered for the defendant non obstante veredicto.] [2]

[2. The statute of limitations is a bar to the recovery in this action, and the verdict must be for the defendant. *Answer :* I decline to so instruct you, and say that the statute of limitations does not prevent the plaintiffs'.recovery in this case.] [3]

[5. Taxes not being a debt and not arising from any contract expressed or implied, but being purely a creature of statutory provisions, the plaintiffs cannot recover any interest on any unpaid taxes. *Answer :* I decline to instruct you as requested here. I refuse this point. In answer to it I instruct you that the plaintiffs are entitled to recover interest on the money paid by them for the taxes which should have been paid by Mrs. Mahon from the time judgment was obtained against them or they paid the debt. The taxes do not bear interest, but the plaintiffs are entitled to recover interest from the time they paid the debt.

So, gentlemen, there being no difficulties in the way of the plaintiffs' recovery arising from the questions presented, and the defendant not having shown that these taxes were paid by him, the payment testified to by him to Mrs. Chambers not being in discharge of Mrs. Mahon's liability for the taxes, there remains but one thing to do, and that is to render a verdict for the plaintiffs' demand, which is as follows : For the taxes which were assessed against Mrs. Mahon and which remained unpaid at the time the judgment was paid against the sureties, to wit: the sum of $175.30. The judgment having been obtained against them on December 14, 1896, they are entitled to recover interest upon that sum from that date to the present time, which is $18.40, making the total amount due the plaintiffs $193.70, and for that sum you will render your verdict. [5]             :

Plaintiffs submitted the following point and answer:

[That upon the testimony of T. M. Mahon, the only witness who undertakes to testify to any payment of the taxes in suit, there was no such payment of these taxes as will avail the defendant in this action. *Answer :* Affirmed.] [6]

Verdict and judgment for plaintiff for $193.70, with interest from September 13, 1898. Defendant appealed.

*Errors assigned* among others were (1) In allowing plaintiff's amendment by the substitution of the commonwealth of Penn-

sylvania as legal plaintiff.   (2, 3, 5) In refusing to affirm de-
fendant's first, second and fifth points, reciting same.   (6) In
affirming plaintiffs' point, reciting same.   (7) In directing a
verdict for plaintiffs.   (9) In directing judgment to be entered
for plaintiffs upon the reserved point, and in not directing judg-
ment to be entered for defendant non obstante veredicto.

*Walter K. Sharpe*, with him *C. A. Suesserott*, for appellant.—
If the commonwealth is stricken from the record the statute of
limitations would be a bar as against the borough and school
district.

Whilst the maxim nullum tempus occurrit regi protects the
commonwealth from lapse of time, yet this immunity does not
extend to subordinate divisions of the state: Rush Township
v. County, 100 Pa. 356.

Where under the Act of April 11, 1848, P. L. 517, sec. 3,
the right to employ a common-law action to recover taxes is
conferred upon the collector after the expiration of his warrant,
it has been held that such right of action is barred in six years
after the same accrues: Wickersham v. Russell, 51 Pa. 71.

The present right of action, if there is any, accrued to the
borough and school district on August 1, 1890, when the taxes
were levied and became payable.   This suit was brought Feb-
ruary. 26, 1897.

The right of the use plaintiffs to maintain a common-law
action for these borough and school taxes in the name either
of the commonwealth or of the municipality is flatly denied.

1. Because taxes are not such a debt arising out of contract,
express or implied, for which a common-law action can be main-
tained in the absence of a statute expressly authorizing a recov-
ery by that method.

2. Because the statutes relating to borough and school taxes
have provided a special method for their collection, viz : by dis-
tress upon the goods of the delinquent taxpayer, and such rem-
edy must be strictly pursued and is exclusive of all others.

In Shaw v. Peckett, 26 Vt. 482, it is said: " The assessment
of taxes does not create a debt that can be enforced by suit or
upon which a promise to pay interest can be implied.   It is a
proceeding in invitum : " City of Camden v. Allen, 26 N. J.
Eq. 398 · Lane County v. Oregon, 74 U. S. 71.

As the learned court below says, in his opinion upon the point reserved, the right of the commonwealth or a municipality to maintain a common-law action for taxes has never been decided by the Supreme Court of Pennsylvania. But in our sister states authorities abound, and they almost without exception support the view taken by the appellant.

Although, as we have said, our Supreme Court has never passed upon this question, yet a dictum on the subject may be found in Phila. Assn. v. Wood, 39 Pa. 73, 84, where Low-RIE, C. J., says: "If this imposition may be properly called a tax, then we seriously deny the authority of the legislature to impose upon the courts the duties of tax collector, and especially so when the tax is for private account and not for the public treasury."

In Schied's Appeal, 7 Pa. C. C. 282, MAYER, P. J., in an able and concise opinion upholds the position of the appellant, and, whilst we do not cite it as an authority, we respectfully recommend it to the consideration of this court.

It is apparent from these several acts of assembly that the method contemplated, and the only method, for the collection of borough and school taxes is by distress and sale of the goods and chattels of the delinquent taxpayer, or in case sufficient goods and chattels cannot be found, by taking the body of the taxpayer. There can no longer be any doubt that where a special statutory remedy is given it is exclusive: Meurer's Appeal, 119 Pa. 115, 130; Warren v. Steer, 118 Pa. 529. If Brand had, at the time of the agreement with Mr. Mahon, the right of property in these taxes, or if subsequently they ever became his, he had a right to do with them as he pleased, and to relieve Mrs. Mahon of them if he chose. In this aspect of the case, if the action was brought in the name of Charles B. Brand, as legal plaintiff, the case should be sent to the jury.

*O. C. Bowers*, with him *Gehr & Gehr* and *W. J. Zacharias*, for appellees.—Having resisted the right of the plaintiffs to recover in the name of the administrator of the collector, they now complain of, and assign for error, the action of the court in permitting the amendment which their own objection brought about. In other words, they would deny the right of the plaintiffs to recover in any form of action whatever.

That the amendment was properly allowed is set at rest beyond all controversy by the following cases: Patton v. R. R. Co., 96 Pa. 169; Seipel v. R. R. Co., 129 Pa. 425; Collins v. Barnes, 130 Pa. 356; Shaffer v. Eichert, 132 Pa. 285.

The right of the tax collector, or his personal representative, to sue for taxes, after the expiration of the warrant, under the provisions of the act of April 11, 1848, is not dependent upon the question as to whether or not he has paid or accounted for the taxes to the municipality. He is chargeable with them as soon as the duplicate passes into his hands, and his right to sue for the same under the act of assembly is an absolute right which can be taken away by nothing except the exoneration of the taxpayer from the payment of the taxes, by the proper authorities. Nor does the payment by the bondsmen relieve either the collector or his estate from liability. His right of action against the taxpayer remains after the payment of the taxes, whether such payment be made by himself, his legal representative, or his bondsmen; and just as he or his legal representative can maintain an action after payment by themselves or by the bondsmen, so the bondsmen, after having paid the municipality, may maintain an action to recover from the taxpayer in the name of the collector or his legal representative as the legal plaintiff, as fully and effectually as the collector himself or his legal representative could do: Wallace's Est., 59 Pa. 401; Boltz's Est., 133 Pa. 77.

If the appellant thinks that the sort of arrangement which he describes amounts to a payment of taxes, we would respectfully refer him to the provisions of the act of assembly of June 3, 1885, P. L. 72, providing for the punishment of defaulting tax collectors, for a better understanding of the view which the law takes of such transactions. Such arrangements are not only void as against public policy, but also as being against the direct provisions of the statute laws of the state of Pennsylvania.

We doubt whether ever before a case came before this Court so utterly and absolutely barren of merit as is the case at bar. There is here no pretense of such payment of these taxes as the law will, for a moment, recognize. Admittedly they never were paid, and this is simply an attempt on the part of this appellant to escape his share of the public burden by technical and unmeritorious defenses.

As is said by Judge BEITLER in Philadelphia v. Wallace, 7 Pa. Dist. Rep. 721 : " If he escapes payment the amount he owes must be, next year, imposed on the other taxpayers.   He will escape, but what he owes the rest of the citizens will have to make up.   We should, therefore, rather hunt for principles to compel him to perform his duty as a citizen, than to take from his shoulders a burden he should bear, and put it on the rest of the citizens, who have already discharged the duty they owe."

OPINION BY W. D. PORTER J., February 16, 1900 :

Upon certain seated lands, properly assessed as the property of Martha M. Mahon, the borough and school district authorities of the borough of Chambersburg, in which the lands were situated, duly levied and assessed the various borough and school taxes for the year 1890.   These taxes were embraced in the duplicates which, with warrants attached, were issued to Jacob S. Brand, the duly qualified collector of taxes for the year beginning April 1, 1890.   The warrant for the collection of the borough taxes was dated July 24, 1890 ; that for the taxes of the school district, July 30, 1890, and both were issued to the collector not later than August 1, 1890.   On May 30, 1891, Jacob S. Brand, the collector of taxes, died, and Charles B. Brand, on June 3, 1891, duly qualified as administrator of his estate.   Martha M. Mahon died on January 30, 1892, leaving a will naming as executor T. M. Mahon, who accepted the trust and duly qualified. On April 18, 1893, suit was brought, upon the official bond of the collector of taxes for 1890, against the equitable plaintiffs in the present action, who were sureties on said bond, to recover the amount of taxes for which the collector had not settled, including said taxes levied upon seated lands of Martha M. Mahon; and, on December 14, 1896, judgment was entered, in said action, against said sureties, in favor of the commonwealth in the penalty of $46,000, to be released upon payment of $1,379, to wit : $503.53 to the burgess and town council, and $875.47 to the school district of the borough of Chambersburg, with interest from date of judgment.   This judgment was, by the equitable plaintiffs in the present action, promptly paid. The taxes upon the property of Mrs. Mahon were included in this judgment, and neither the collector, his representatives nor sureties were ever exonerated from said taxes.   Upon payment

of said judgment the borough and school district authorities assigned to the sureties upon the collector's bond, the present equitable plaintiffs, all taxes which remained unexonerated and which the authorities claimed remained unpaid, including those against the Mahon lands. On February 26, 1897, this action was brought to recover from the appellant estate the amount of the taxes owing by said estate, which the equitable plaintiffs had been compelled to pay. Plaintiffs recovered a judgment and the defendant appealed,

At the trial various legal objections were raised to the right of plaintiffs to recover and to the form of action, but the only defense upon the merits was an alleged payment of the taxes. The only testimony in support of the allegation of payment was that of T. M. Mahon, which was substantially as follows: Brand had made an assignment for the benefit of creditors to T. M. Mahon, who knew him to be insolvent; his property had been sold and had not produced sufficient money to pay the liens against it. Brand was very much distressed because a certain judgment against him could not be paid. In January, 1891, Brand and his assignee had the following conversation: "I (Mahon) said to Mr. Brand, 'You pay me that rent and whatever shortage there is I will make good to Mrs. Chambers and lose my own judgment.' Mr. Brand suggested these taxes which I hadn't in my mind at all. I said, 'I will pay those taxes, I have the money to pay them. You pay the rent and I will make Mrs. Chambers whole and I don't care whether I lose my own judgment or not, I will see her out in full.' Mr. Brand said, 'You pay Mrs. Chambers that judgment and in payment of that I will give you credit for these taxes, I will mark them paid and settled.' We made the settlement." This testimony was introduced under objection. The agreement was nothing more nor less than that the unpaid taxes legally assessed and levied upon the property of Martha M. Mahon should, instead of being paid to the borough and school district, be appropriated, by the insolvent collector and his assignee, to the payment of the individual debt of the former. Martha M. Mahon was then living. She was not a party to this agreement and there is no evidence that she ever parted wtih any money upon the faith of it. The whole agreement was against public policy, unlawful, expressly prohibited by the Act of June 3, 1885,

P. L. 72, and absolutely void. No receipt was ever given for the taxes and Brand did not mark them paid and settled. It was necessary for the appellant in introducing this defense to show its unlawful character. The learned court below held that the plea of payment was not sustained by this evidence. In this there was no error and the sixth assignment of error is dismissed.

The other assignments of error raise four questions : 1. Is an owner of seated lands who has failed to pay taxes duly assessed and levied upon such lands, during his ownership, liable to be called upon, by a common-law action, to reimburse the sureties of the tax collector who have been compelled to pay said taxes ? 2. In the name of what legal plaintiff can such action at law be maintained ? 3. If the plaintiffs are entitled to recover, are they entitled to interest from the time they paid the taxes ? 4. Was the remedy in the present case barred by the statute of limitations ?

In such a case the action cannot be sustained, in the absence of a contract between the parties, unless the owner was legally and personally responsible for the payment of the taxes : Neill v. Lacy, 110 Pa. 294. Our Supreme Court has held that a municipality cannot collect taxes, assessed upon lands, by a common-law action against the owner, as for an ordinary debt, unless such remedy is given by statute : McKeesport Borough v. Fidler, 147 Pa. 532, following the decision of the Supreme Court of the United States in Lane County v. Oregon, 74 U. S. 71. The various statutes regulating the collection of taxes have, from an early period, made a distinction between the remedies available in case the lands are improved or seated, and those to be used when the lands are unseated, and it has been held under the various systems which have prevailed at different times, that the owner of seated lands is personally liable, while unseated lands are alone liable for taxes assessed thereon : Shaw v. Quinn, 12 S. & R. 299 ; Sheaffer v. McCabe, 2 Watts, 421 ; Patterson v. Blackmore, 9 Watts, 104 ; Densmore v. Haggerty, 59 Pa. 189 ; Biddle v. Noble, 68 Pa. 279. The foundation of the present general system of assessment and collection of taxes on seated lands is the Act of April 15, 1834, P. L. 509, which made it unlawful for collectors to bring suit for the recovery of any tax. There was no necessity for bringing any suit at

law, for the act made the owner personally liable for the tax and provided a remedy for the enforcement of that liability. The warrant to the collector, which the act authorized, empowered him to levy the amount of the tax by distress and sale of the goods and chattels of the delinquent, and, in case sufficient goods and chattels could not be found, to take his body. There was a personal liability of the owner, legally enforceable, but not by a common-law action. The warrant was in the nature of an execution, and the collector might levy upon personal property, not on the land assessed: McGregor v. Montgomery, 4 Pa. 237. The act limited the efficacy of the warrant to three years, which period was, by the Act of April 22, 1846, P. L. 486, sec. 21, reduced to two years. The Act of April 11, 1848, P. L. 517, sec. 3, vested in the collector, his executors and administrators, the right and power, after the expiration of his warrant, to sue for and recover, as debts of like amount are by law recoverable, all taxes due, unpaid and not legally exonerated. Our attention has not been called to, nor have we been able to find, any general act of assembly authorizing a borough or school district, either in its own name or through the intervention of the commonwealth as legal plaintiff, to recover in a common-law action against the owner, the borough and school taxes assessed upon real estate, and we are of opinion that such an action will not lie: Bouck v. Supervisors of Kittanning, 1 Am. L. Reg. 125; McKeesport Borough v. Fidler, supra. During the period between the acts of 1834 and 1848 taxes, as such, could not be recovered in a common law action against the owner; the only remedy was upon the tax warrant. It was during this period that were acquired the rights passed upon in Caldwell v. Moore, 11 Pa. 58. At the time of the assessment of taxes for 1841 certain seated lands were occupied by Hileman & Haman as tenants under Moore, and the lands were assessed in the name of the tenants. Moore, by deed dated April 1, 1842, conveyed the land to Caldwell, who went into possession of the premises, and soon afterwards the personal property of Caldwell upon the premises, was levied on under the tax warrant for 1841. Caldwell paid the taxes and brought a common-law action against Moore to recover the amount so paid. There was no covenant of warranty or express promise of the defendant under which plaintiff could re-

cover. It was held : (1) That Moore was personally liable for
the taxes ; (2) that Caldwell had been compelled to pay the
taxes ; (3) that Caldwell, having been compelled to pay a debt
owing by another, was entitled to recover from the ultimate
debtor. This case was remarked upon in Smeich v. The County
of York, 68 Pa. 439 ; but the only doubt expressed was as to
whether Caldwell had been compelled to pay ; his right to re-
cover, if he was legally compelled to pay, was not questioned.
The same question was considered, and the same conclusion
reached in Hogg v. Longstreth, 97 Pa. 255, King v. Mount
Vernon Building Association, 106 Pa. 165, and The Bank v.
Shoemaker, 13 W. N. C. 255.

The decisions in this line of cases were based upon the prin-
ciple that he who is compelled to pay the debt of another, be-
cause of the omission of the debtor to do so, may recover on the
ground that the money is paid for the use of the debtor, and the
law infers that the debtor requested such payment and promised
reimbursement. Upon this implied promise of the debtor, the
party paying may maintain an action at law in his own name,
without the intervention of the municipality or the collector of
taxes as legal plaintiff. It is an equitable mode of compelling
the ultimate discharge of the debt by him who, in good con-
science, ought to pay, and to relieve him whom none but the
creditor could ask to pay. These cases involve more than the
mere subrogation of a surety to the remedies possessed by
the creditor, as stated in McCormick v. Irwin, 35 Pa. 111.
The party compelled to pay is subrogated to the right of the
county or municipality to receive the tax, but it is manifest
that the remedies, to enforce personal liability for taxes, pos-
sessed by public authorities might be unsuitable and inappro-
priate to be used by an individual. The use of a tax war-
rant by a private person would not be convenient for him, and
might involve hardship and oppression for the debtor ; besides,
when the collector has once collected the taxes under his war-
rant, neither the public authorities nor a private individual have
any right to require him to collect a second time. In Caldwell
v. Moore, the remedy of the county and township was limited
to the tax warrant, yet it was held that Caldwell could, in a
common-law action, recover from the owner, who was ultimately
liable. The question turns upon the personal liability of the

owner, not upon the form of remedy to be used by the taxing authorities to enforce that liability.

When A. has been compelled to pay taxes, not his own, for which B. is personally and legally liable, the law implies an assumpsit on the part of the latter to the former. A. can recover upon this implied promise in an action at law, in his own name; although the county or municipality, in enforcing the personal liability of B. for the tax, might have been confined to some other remedy. Martha M. Mahon was personally and legally liable for the taxes in question in the present case, the remedies for enforcing her personal liability being the tax warrant during its statutory period, and, upon the expiration of the warrant, an action at law by the collector under the Act of April 11, 1848, P. L. 517. The equitable plaintiffs were compelled to pay said taxes and are entitled to recover the amount thereof from the appellant in an action at law. The right of action was complete in the parties who were compelled to pay the tax. The commonwealth had no title to support the action, and to make her the legal plaintiff and join the borough and school district as parties plaintiff was irregular. The record as it stands, however, shows who are the beneficial plaintiffs, and the statement alleges the facts which clearly establish their right to recover. The irregularity, though formal, would have been fatal at common law, but it was amendable under our legislation: Kaylor v. Shaffner, 24 Pa. 489. The case was tried on the merits between the real parties, and we will allow the record to be amended here: Thornton v. Britton, 144 Pa. 126.

The plaintiffs were entitled to be reimbursed as soon as they paid the taxes; it became the duty of defendant to pay at once, and payment not having been made, the plaintiffs are entitled to interest. The interest which plaintiffs were permitted to recover, in the court below, was computed from the date when they paid the money. In this there was no hardship, for the Act of 1848, P. L. 517, rendered the defaulting taxpayer personally liable for interest from the date of the expiration of the warrant to the collector.

The warrant for the collection of these taxes expired on July 24, 1892, and at that time the right to an action at law accrued to the collector. The statute of limitations did not begin to run in favor of the owner, as against this remedy, until

the right of action arose: Leasure v. Mahoning Township, 8 Watts, 551; Wickersham v. Russell, 51 Pa. 71. This action was brought before the statute had become a bar to the remedy for enforcement of the personal liability of the defendant for the taxes.

Appellees have leave to amend the form of action, and thereupon, judgment is affirmed.