## Davis v. Beers, Appellant.

*Tax sale—Tax title—Collector's return—Personal property on premises.*

It is the duty of a tax collector, in case the owner be a nonresident, to make demand upon the tenant for the taxes in his duplicate, to which is appended his warrant, and on his refusal to pay, to seize and sell the personal property subject to seizure and sale for taxes. He has no authority to make demand for taxes for which other collectors have warrants; he is not responsible for them, and is not presumed to know the amount. If he makes demand with an exhibition of his warrant to seize and sell, the tenant may pay; if he do not, it is the duty of the collector to seize and sell.

Three tax collectors, one for county, state and poor tax, another for school tax, and another for road tax, each made a separate return: "That after proper effort at the proper time, he could not find sufficient personal property by a legal sale of which the taxes on the land or any portion of said taxes could have been collected." The evidence showed that there was on the land a considerable amount of property owned by tenants, and the collector of road tax admitted that he saw property there worth twice the amount of the road tax. In an action of ejectment to enforce a tax title, defendant presented the following point: "That the collector of school tax did not make a proper return, if there was sufficient personal property on the premises from which the school tax could have been collected, and therefore a sale for road tax would be void." To this the court answered: "So far as the first part of the proposition is concerned, it is probably true that the return was not a proper return, but as already instructed. in our general charge, that would not be conclusive on the question and warrant us in declaring that a tax sale for school, road and county taxes for that year would be void." The only instruction on this subject in the general charge was as follows: "If sufficient property could have been found thereon to pay the taxes assessed. thereon for that year (meaning 1891) the sale for taxes that year would be void." *Held,* that the answer to the point was error, because it did not clearly declare to the jury the law bearing on the evidence.

Argued Oct. 15, 1902. Appeal, No. 67, Oct. T., 1902, by defendant, from judgment of C. P. Cambria Co., March T., 1900, No. 213, on verdict for plaintiffs, in case of S. W. Davis and E. F. Spencer v. W. M. Beers, Jeremiah Good and J. J. Landis, to which was added the Equitable Loan & Building Association of Altoona. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Ejectment for land in Clearfield township.    Before BAR-KER, P. J.

The facts are stated in the opinion of the Supreme Court.

Defendant presented these points :

2. The court is respectfully requested to instruct the jury that the tax sale is null and void if there had been sufficient personal property on the premises at the time of the return of taxes from which the collector of school tax could have made the amount on his duplicate ; or from which the collector of county tax could have collected the amount on his duplicate ; or from which the collector of road tax could have made the amount on his duplicate. It is not necessary that there should be personal property on the premises sufficient to have paid the sum total of all the taxes assessed against this land for that year.    *Answer :* This point is denied. [1]

3. That the collector of school tax did not make a proper return if there was sufficient personal property on the premises from which the school tax could have been collected, and therefore a sale for school tax would be void.    *Answer :* So far as the first part of the proposition is concerned, it is probably true that the return was not a proper return, but, as already instructed in our general charge, that would not be conclusive on the question and warrant us in declaring that a tax sale for school, road and county taxes for that year would be void. [2]

4. That the supervisors did not make a proper return if there was sufficient personal property on the premises from which the road tax could have been collected, and therefore a sale for such tax is void.    *Answer :* We make the same answer to this as to the third point, with the substitution of the word "road" for "school." [3]

5. That the collector of county tax did not make a proper return if there was sufficient personal property on the premises from which the county tax could have been collected, and therefore the sale for such tax is void.    *Answer :* We make the same answer to this point, with the substitution of the word "county" for "school." [4]

6. The uncontradicted testimony of the defendants, showing that there was personal property on the premises during the year for which taxes were unpaid, and the supervisors and the collector of school tax and county tax not having exhausted

said personal property by a sale of the same prior to making his return, the returns of these officers are invalid, and your verdict must be for the defendants. *Answer:* This point is denied.  While we find no decision on the subject, we cannot conceive it to be the law in a given case where the jury find from the evidence that there was not sufficient personal property on the land to pay the taxes assessed ; that a sale made for nonpayment of those taxes would be void because the collector did not exhaust such personal property as there was on the land before making his return. [9]

The court reserved the following question of law :

That the plaintiffs have not shown any title to the land described in the writ in this case for the reason that it is admitted that the county commissioners did not petition the court of common pleas of Cambria county, setting forth a description of the property to be sold and the reasons therefor, and the court did not fix a day for a hearing and give notice in at least two newspapers in Cambria county once a week for three consecutive weeks, and that the court did not have a hearing and did not make an order and decree in the premises, and that no return to the commissioners' sales was made to the court, the same as returns to orphans' court sales are now returned, and the court did not confirm the said sale.

Verdict for plaintiff upon which judgment was entered.

*Errors assigned* were (1–4, 9) above instructions, quoting them ; (13) in entering judgment for plaintiffs on the verdict.

*P. J. Little,* with him *A. V. Dively* and *M. D. Kittell,* for appellant.—Each return offered in evidence in this case was a false return, and of necessity this tax sale must fall : Kean v. Kinnear, 171 Pa. 639.

The sale of the land for the nonpayment of taxes is a statutory remedy, and in order to vest a valid title in the purchaser, the statutes must be strictly followed : East Union Township v. Ryan, 86 Pa. 459–465 ; Huston v. Foster, 1 Watts, 477.

*Alvin Evans,* with him *J. W. Leech* and *John E. Evans,* for appellees.

OPINION BY MR JUSTICE DEAN, January 5, 1903 :

The case below was an ejectment brought by plaintiffs against

defendants to recover possession of a tract of land containing about seventy-nine acres in Reade township, Cambria county. Plaintiffs claimed title by a county commissioners' sale, and deed in pursuance thereof. The commissioners took their title by deed of the county treasurer on a sale for unpaid taxes, deed being dated December 28, 1894. The land had belonged to F. A. Shoemaker, who mortgaged it to the Equitable Loan & Building Association of Altoona to secure a loan. The lender foreclosed the mortgage and on the judgment obtained, the property was advertised for sale by the sheriff and sold, but before delivery of his deed the sale was made to plaintiffs by the commissioners. Both parties, therefore, claim under the same source of title,— F. A. Shoemaker. If the tax sale by the county treasurer under the law and facts vested a good title in the commissioners, then Shoemaker had no estate in the land which passed by the sheriff's sale on the mortgage. The taxes for which the land was sold by the treasurer were assessed for the years 1891 and 1892. The property was assessed as eighty acres and seven houses to Shoemaker. The tax assessed for 1891 was, county, $15.75; school, $18.00; for 1902, county, $8.51; road, $7.20; school, $14.40.

The defendants offered considerable evidence going to show that there was personal property on the premises out of which the taxes could have been made if the collector had levied upon and sold it. The duties of tax collector devolve upon three different collectors in Cambria county, under the acts of 1834, 1860 and 1869. One collects county, state and poor tax, another school tax, and still another road tax. To subject this land to sale by the county treasurer for unpaid taxes, each collector made affidavit and filed the same with the county commissioners : " That after a proper effort at the proper time, he could not find sufficient personal property by a legal sale of which the taxes on the land or any portion of said taxes could have been collected." On this return of the collectors the land was turned over to the county treasurer for sale. The defendants averred, that these affidavits and the returns were false, and this made up the first issue of fact for the jury and the principal one of law for the court. The instructions of the court on the evidence bearing on this fact are the subject of complaint in appellant's third assignment of error, which specifies

as erroneous the court's answer to appellants' second written prayer for instructions, as follows : " That the collector of school tax did not make a proper return, if there was sufficient personal property on the premises from which the school tax could have been collected, and therefore a sale for school tax would be void." To this the court answered: " So far as the first part of the proposition is concerned, it is probably true that the return was not a proper return, but as already instructed in our general charge, that would not be conclusive on the question and warrant us in declaring that a tax sale for school, road and county taxes for that year would be void." The only instruction on this subject in the general charge is as follows : " If sufficient property could have been found thereon to pay the taxes assessed thereon for that year (meaning 1891) the sale for taxes that year would be void." In view of the evidence and the substance of the written point, we think this answer was error, because it did not clearly declare to the jury the law bearing on the evidence. As we read the evidence, it pretty plainly showed that there was personal property on the premises in both of the years, to answer the demand of either one of the collectors for that year.

The act of 1844, provides that " all real estate within this commonwealth on which personal property cannot be found sufficient to pay the taxes assessed thereon, and where the owner or owners thereof neglect or refuse to pay the said taxes, the collectors of the township in which the said lands lie shall return the same to the commissioners of the several counties ; and the said lands shall be sold as unseated lands are now sold in satisfaction of the taxes due by the said owner or owners. Provided, that no sale shall be made of such lands for the purpose aforesaid until the owner or owners thereof, shall have refused or neglected to pay the taxes aforesaid for the space of two years." As the learned judge of the court below rightly said, the act of 1879, which enacts that " it shall not be so construed as to prevent the original owner or owners from showing that there was sufficient personal property on the real estate sold to pay all taxes assessed thereon which might have been seized by the collector if he had used due diligence," added nothing to the scope or force of the act of 1844. But the palpable meaning of the answer to the point, taken in con-

nection with the general charge is, that if there was not sufficient personal property on the land to pay the whole of the taxes assessed, adding together the taxes in the three duplicates in the hands of the three collectors, then there was not sufficient personal property to pay the taxes assessed on the land, within the meaning of the act. Such is not our interpretation. Here was a small farm; a farmhouse with a tenant; a small barn; seven houses, some of them occupied; the different kinds of taxes were small in amount; the owner was a nonresident of the township. It cannot be doubted from the evidence that there was considerable personal property on the premises in the year it was the collector's duty to collect; it belonged to the tenants who were in possession; every tenant knows that while in possession his personal property is subject to seizure for taxes; payment by him may have been part of his rent. It is the duty of the collector, in case the owner be a nonresident, to make demand upon the tenant for the taxes in his duplicate to which is appended his warrant, and on his refusal to pay to seize and sell the personal property, subject to seizure and sale for taxes. He has no authority to make demand for taxes for which other collectors have warrants; he is not responsible for them and is not presumed to know the amount. If he makes demand with an exhibition of his warrant to seize and sell, the tenant may pay; if he do not, it is the duty of the collector to seize and sell. So far as the evidence shows, there was here no demand nor threat of seizure. If the tenant paid the first collector, who can say he would not have paid the others? The kind and value of the personal property on the premises would to some extent have been ascertained by the seizure and sale of it. If a sale did not satisfy the taxes, then a return of the amount not reached would have fixed the liability of the land for that amount, and that, the owner would have been bound to pay to the county treasurer. In substance, the return of each collector is, that there was not sufficient personal property on the premises to pay all the taxes, that is, $66.48; but one, the collector of road tax, admits that he saw property there worth twice the amount of road tax, $7.20, he had against the land. It was not his duty to know that two other collectors had each, certain taxes to collect; it was his duty to collect the $7.20 road tax which was entrusted to him to collect. **Not**

one of these three collectors made a correct return, when he averred, "that after a proper effort at the proper time he could not find sufficient personal property, by a legal sale of which the taxes on the land or any portion of said taxes could have been collected." They could not ascertain the facts without the exercise of due diligence ; in this, from their admissions and the undisputed testimony, they wholly failed and the court should have so instructed the jury.

These acts of assembly and the duties of tax collectors were fully considered by Justice MITCHELL in Kean v. Kinnear, 171 Pa. 639, and although that was an action of trespass by the owner against the collector for a false return, the same questions arose as those before us. After noticing the different acts of assembly, he says, " From these statutory provisions it is clear that the law has established the order for liability for taxes to be, first, the personal property on the premises, second, demand on the owner individually, and lastly, the land itself, and it is only on failure to collect by the first two methods, that resort can be had to the third, and the land be legally sold or returned for sale. The collector proceeding directly against the land, except under the prescribed conditions, is without warrant of law and he is liable as a trespasser."

The return of the collector in that case was precisely the same as in this one. Appellants' third assignment of error is, therefore, sustained.

What we have said, in effect, sustains appellants' second assignment which is based on the court's denial of their second written prayer for instruction. It should have been affirmed.

We do not find any error in the court's opinion on the reserved points. Lest we be misunderstood, however, we say that the deed to the commissioners while admissible as a properly authenticated instrument in plaintiff's chain of title, the recitals in the body of it do not prove the facts set forth in such recitals. Whether the tax sale is void because of non-compliance by the collectors with the provisions of the tax laws still remains as a question of fact to be determined by a jury under correct instructions by the court.

The judgment is reversed and a v. f. d. n. is awarded.