## Bardine v. Samuels et al.

*Robert A. Henderson,* for plaintiff; *J. Lee Plummer,* for defendants.

PATTERSON, P. J., Dec. 6, 1929.—This is a bill in equity brought by the plaintiff, who became the purchaser of certain real estate at a sheriff's sale, to restrain the tax collector from levying upon and selling personal property belonging to tenants who occupied said real estate at the time said taxes were assessed, at the time of the sheriff's sale and subsequent thereto, plaintiff averring that since the defendant tax collector had failed to file his claim for the taxes in question with the sheriff, with notice to the sheriff to pay the same out of the proceeds of the sale of the properties, and since the real estate was sold for a sum greater than the amount of the taxes, the lien of said taxes was thereby divested, and, therefore, there can be no recovery against said

tenants. Defendants filed their answer, admitting the facts contained in the plaintiff's bill, but averring that the sale of the real estate, which, under the law, divested the lien of the taxes from said real estate, did not in any wise affect either of the remaining two remedies for the collection of taxes which the defendants had, to wit, the right to levy upon and sell the personal property of the tenants in possession at the time the taxes were assessed and the property sold, or to proceed against the person of the former owner of said real estate. To this answer plaintiff filed certain exceptions in the form of a demurrer. We, therefore, have under consideration plaintiff's bill, answer thereto, demurrer to answer and the arguments of the respective counsel.

## Findings of fact.

1. That the plaintiff, Effie Bardine, purchased from Ira F. Baird, Esq., High Sheriff of Blair County, on Friday, Jan. 18, 1929, certain lots of ground in the Borough of Juniata, County of Blair and State of Pennsylvania.

2. That all taxes on said lands for borough, county and school purposes for the year 1928 were assessed, past due, and owing at the time of the sheriff's sale.

3. That said lots of ground were sold for an amount more than sufficient to pay the costs of the sale and all taxes against said properties.

4. That W. J. Samuels, one of the defendants, was the tax collector of the Borough of Juniata, and the other defendant, H. W. Wiley, was a deputy collector for the collection of the taxes of said borough for the year 1928 and levied upon the personal property of certain tenants occupying the real estate sold by the sheriff and purchased by plaintiff, and is about to sell the said personal property of the said tenants for the payment of said taxes.

5. That the sale of said property under the levy of the tax collector and his deputy was restrained by a preliminary injunction by this court and has been postponed pending final disposition of this bill.

## Discussion.

The Act of May 22, 1895, P. L. 111, provides that a purchaser at sheriff's sale becomes vested with the title to the lands described, divested from the lien of taxes due and owing at the time of the sale, provided the amount for which the land has been sold is greater than the cost of sale and the amount of taxes due.

And in the present case plaintiff contends that the provisions of this act are clearly applicable and that she owns the real estate in question divested of liens of all taxes due and owing at the time of the sale. It is admitted that the property sold for an amount greater than that required for the payment of the expense of sale and taxes. With this contention we agree. The plaintiff in her bill, however, seeks not only to make her property free from liability for the payment of the taxes in question, but undertakes to restrain the tax collector from proceeding against the tenants of said properties in possession at the time of the assessment of the taxes and the sheriff's sale. The tenants are not parties to this suit. In fact, the pleadings do not disclose their names, but the plaintiff is apprehensive that in the event of the tax collector's success in collecting said taxes from said tenants, they, the tenants, may defalcate the amount from the rent due her since she became the purchaser. The tenants at the time of the assessment and sale continue to occupy the premises as tenants of plaintiff. But this question need not concern us at this time. Whether or not the tenants may recover against the present owner for the amount of taxes they may be required to pay will be a matter to be

determined between such tenants and the plaintiff. Their liability to each other can have no bearing on the rights of the parties to this bill. Counsel argues that since the tax collector failed and neglected to file his claim for said taxes with the sheriff, as provided by said act, he is now barred from recovering the taxes, either from the tenants or the former owner. However, from a careful examination of the several acts of assembly providing for the collection of taxes, we fail to find any law to this effect.

The Supreme Court, in Davis v. Beers, 204 Pa. 288, 293, holds: "It is the duty of the collector, in case the owner be a nonresident, to make demand upon the tenant for the taxes in his duplicate to which is appended his warrant, and on his refusal to pay, to seize and sell the personal property subject to seizure and sale for taxes."

In Kean v. Kinnear, 171 Pa. 639, 642, it is held as follows: "It is clear that the law has established the order of liability for taxes to be, first, the personal property on the premises, secondly, demand on the owner individually, and, lastly, the land itself, and it is only on the failure to collect by either of the first two methods that resort can be had to the third and the land be legally sold or returned for sale."

Other cases to the same effect are: Smeich v. York County, 68 Pa. 439, 441; Sitler v. Singer Manuf. Co., 14 Dist. R. 382; McGregor v. Montgomery, 4 Pa. 237.

Under the Act of June 4, 1901, P. L. 364, as amended by the Act of May 28, 1915, P. L. 599, unpaid taxes are a lien against premises sold by the sheriff, provided the tax collector gives the sheriff notice of the amount of the same and makes demand for payment before distribution. And the Act of May 22, 1895, P. L. 111, which provides for the divestiture of tax liens, is not repealed by the Act of June 4, 1901, P. L. 364: Grigg v. Benson, 29 Dist. R. 853.

"The owner of seated lands who has failed to pay taxes duly assessed and levied upon such lands during his ownership is liable to be called upon, by a common law action, to reimburse the sureties of the tax collector who have been compelled to pay them with interest from date of such enforced payment:" Com. v. Mahon, 12 Pa. Superior Ct. 616.

"Payment of taxes may be enforced also by distress of the goods and chattels of the delinquent or his tenant, during the occupancy of the land by the tenant, and, in case goods and chattels sufficient to satisfy the taxes and costs cannot be found, the body of the delinquent may be taken and conveyed to jail to remain until the taxes and costs shall be paid or he shall be otherwise discharged by law: Acts of April 15, 1834, §§ 21 and 46, P. L. 514, 518, and April 19, 1883, § 3, P. L. 10; Smeich v. York County, 68 Pa. 439; Wright v. Wigton, 84 Pa. 163. This harsh method is also resorted to for the purpose of compelling payment of taxes on personal estate: Palmer v. McMahon, 133 U. S. 660:" Landreth v. McCaffrey, 17 Pa. Superior Ct. 272.

### Conclusions of law.

1. The several lots of ground described in plaintiff's bill became the property of plaintiff at the sheriff's sale Jan. 18, 1929, divested of the lien of all taxes then due.

2. The failure or neglect of the defendant tax collector to collect said taxes by filing notice and demand on the sheriff before distribution of the proceeds of sale, as provided by the Act of May 22, 1895, P. L 111, does not deprive him of pursuing other legal process for the collection of taxes.

3. The defendants have a legal right to levy upon and sell the personal property of the tenants in possession of said real estate at the time the taxes

were assessed and the property sold and still in possession at the time the levy was made.

4. The plaintiff has no standing in a court of equity to interfere with due process of law for the collection of taxes from the tenants.

### Decree nisi.

And now, Dec. 6, 1929, upon consideration of the foregoing case, it is ordered, adjudged and decreed that the injunction heretofore granted be dissolved and the bill in equity dismissed, at the cost of the plaintiff, this decree to be entered as a decree nisi, and unless exceptions thereto be filed within ten days after notice to the parties or their counsel of record, the same to become the final judgment of this court. Otherwise, to be placed upon the argument list as provided by Rules of Equity Practice.

From Robert W. Smith, Hollidaysburg, Pa.